## M. V. B. GIFFORD v. COUNTY OF ERIE.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS OF ERIE COUNTY.

Argued April 27, 1891—Decided May 18, 1891.

The regularity of the proceedings not being questioned, the judgment of the Court of Common Pleas entered on a verdict in an issue directed on

an appeal from the report of county auditors, under §·56, act of April 15, 1834, P. L. 547, is final, and not reviewable in the Supreme Court.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 349 January Term 1891, Sup. Ct.; court below, No. 54 September Term 1891, C. P.

On May 17, 1890, W. R. Wade and others, commissioners of Erie county, filed their appeal from the report of the county auditors upon the accounts of M. V. B. Gifford, late sheriff of said county; and on May 26th, an issue was directed, wherein M. V. B. Gifford was made plaintiff, and the county of Erie defendant. Subsequently, the cause was put at issue upon a statement of claim filed by the plaintiff, and the plea of nonassumpsit, payment, and set-off, on the part of the defendant.

At a second trial of the cause, on January 15, 1891, the principal subject of controversy was the account of the plaintiff for boarding prisoners committed to his custody, during his term, by the mayor and aldermen of the city of Erie, for violations of the city ordinances. At the close of the testimony, various points were presented, on the part of the plaintiff and on the part of the defendant, upon the question whether the county was or was not legally liable for the payment of the plaintiff's said account. The court, GUNNISON, P. J., affirmed the points presented by the plaintiff, and refused those presented by the defendant, ruling the question of liability in plaintiff's favor; and, as there was no dispute as to the facts of the case, the court instructed the jury to return a verdict in favor of the plaintiff for $2,117.25; exception.

The jury returned a verdict for the plaintiff for $2,117.25, as directed. Judgment having been entered, the defendant took this appeal, assigning the affirmance of the plaintiff's points, the refusal of the defendant's points, and the instruction to find for the plaintiff, for error.

*Mr. D. A. Sawdey*, for the appellant.

*Mr. E. L. Whittelsey*, for the appellee.

That, no question being raised as to the regularity of the proceedings, an appeal under the act of May 9, 1889, P. L. 158,

operating as a ·writ of error, would not lie, counsel cited: Section 56, act of April 15, 1834, P. L. 547; Wetherald v. Shupe, 109 Pa. 389; Barnes v. Commonwealth, 2 Penny. 506; Altoona v. Irvin, 3 Penny. 115; Kimber v. Schuylkill Co., 20 Pa. 366; Gangewere's App., 61 Pa. 342; Derry Overseers v. Brown, 13 Pa. 389.

PER CURIAM:

The fifty-sixth section of the act of April 15, 1834, P. L. 547, provides that "An appeal may be made from such report (county auditors') to the Court of Common Pleas of the same county, either by the commonwealth, the county, or the officer; and thereupon the court may direct an issue, as the case may require, to be tried by a jury, upon whose verdict final judgment shall be entered." As this was such a case, we are of opinion the judgment in the court below upon the verdict in the feigned issue was the end of it. This appeal is a substitute for a writ of error, and must be quashed: Gangewere's App., 61 Pa. 342.

Appeal quashed.