# Wyoming County Auditors' Report.

The law gives County Auditors the authority to audit, settle and adjust the accounts of Commissioners, Treasurer and Sheriff and Coroner, and to make report thereof to the Court of Common Pleas of such county, together with a statement of the balance due from or to such Commissioners, Treasurer, Sheriff or Coroner, but before these balances can be filed as a lien as against the real estate of either of these officers, it must appear that he was duly notified or summoned to be present before the Auditors, and had an opportunity to be heard upon the question.

Notice to, and presence of one who did business for a County Treasurer, before the Auditors, with the Treasurer's books and accounts, although such party may know more about the books and business of the Treasurer than the Treasurer himself, yet before the property of such Treasurer can be taken or before a lien can be placed upon it, he must have had an opportunity to be heard before the Court or tribunal creating such a lien.

It is the duty of the County Auditors before they can certify the balance against a County Treasurer or other county official, to summon such official to appear before them, to grant him a hearing and to give him an opportunity to explain his accounts. Where they proceed without so doing, their report may be set aside.

COUNTY TREASURER—COUNTY AUDITORS—REPORTS—SUMMONS
TO APPEAR—LIEN ON REAL ESTATE.

No. 23, April Term, 1903, C. P. of Wyoming County.

Rule to show cause why the report of the County Auditors should not be set aside.

W. E. Little, Esq., and Asa S. Keeler, Esq., for rule.—Irish v. Com., 3 Binney, 91; Brown v. Com., 2 Rawle, 40; Wilson v. Clarion County, 2 Pa., 17; Com. of Lycoming County v. Lycoming County, 46 Pa., 496; Blackmore v. Allegheny County, 51 Pa., 160; County v. Rhodes, 1 Kulp, 437; Center County v. Kline, 9 Dist. Rep., 738; County Auditors, 1 Woodw., Dec. 270; Chester County v. Barber, 97, Pa., 455; Fulton v. Lancaster County, 162 Pa. 294.

H. Stanley Harding, Esq., contra.—Richter v. Penn Twp., 9 Pa., 79; Merkel v. Berks County, 81 Pa., 505.

Opinion by DUNHAM, P. J., March 5, 1903.

## OPINION:

In this case the Auditors, upon January 22, 1903, filed their report, in the prothonotary's office, in which report they find a balance due from Griffin R. Potter, County Treasurer, to the county upon the general fund, the sheep fund and the bond fund

to quite an amount in each case. Griffin R. Potter, treasurer of Wyoming County, has presented his petition to the Court, alleging that he was neither summoned nor notified to appear before the County Auditors at any time when they were auditing his accounts, and was not present before them at any time. And that he did not authorize any one to appear for him before the County Auditors. He further alleges that he is not indebted to the county of Wyoming in any amount. And requests the Court to set aside the report of the Auditors so far as any surcharges to him are concerned. Upon this petition a rule was granted to show cause why the report of the County Auditors so far as related to the accounts of Griffin R. Potter, treasurer of Wyoming county, should not be set aside and made returnable February 19, 1903. At the hearing of this rule by the Court the deposition of Mr. Potter was presented, in which he testified positively that he had no notice that his accounts were to be audited by the County Auditors, and that he was not present before the Auditors, and that he had never authorized any one to set or appear for him in such a proceeding. The deposition of James L. Vose, one of the County Auditors, was also presented to the Court, in which no claim is made that Mr. Potter was in any way notified that the Auditors were auditing his accounts further than by notifying Asa S. Keeler, Esq., who did the business for Mr. Potter, and that he came before the Auditors with the Treasurer's books and accounts. The law provides that "the report of the County Auditors shall be filed among the records of the Court of Common Pleas of the respective counties, and from the time of being so filed shall have the effect of a judgment against the real estate of the officer who shall thereby appear to be indebted, either to the commonwealth or the county," so that when this report was filed it created a lien against the real estate of Griffin R. Potter for the amount found in the report to be due from him to the county. This law is just and proper, but before such a lien can be created it must appear that the Auditors have performed their duty and given the person against whom such a lien is to be filed an opportunity to be

heard. It is one of the very fundamental principles of our law that no person shall be condemned or have his rights injuriously affected without an opportunity to be heard. And before these balances can be filed as a lien against the real estate of Mr. Potter it must appear that he was duly notified or summoned to be present before the Auditors and had an opportunity to be heard upon the question. While it may be that Mr. Keeler may have known more about the books and the business of the Treasurer than Mr. Potter, yet before Mr. Potter's property can be taken or before a lien can be placed upon it he must have had an opportunity to be heard before the Court or tribunal creating such a lien. No Court in the state could render any valid judgment against a defendant without a proper and legal service upon such a defendant, and County Auditors certainly cannot, by a report, bind the real estate of any one until such person had notice that his accounts were to be audited and his property liable to be affected thereby. This point has been repeatedly decided by our courts, and these decisions are so plain and convincing we have no discretion in the matter, but are compelled to follow them. In Brown v. Com. 2 Rawle, 40, it is held "if the Auditors proceed to settle the account without giving notice to the Treasurer and their report be filed, no appeal entered, and an execution issued by the Court, on application, will set aside the report." In this case the report is filed without giving notice to the Treasurer, and while an execution has not been issued yet, if we should set it aside after execution, we should also before execution if requested to do so by the Treasurer. In Wilson v. Clarion County, 2 Pa. 17, it is held that to give the report of County Auditors of a balance due by the Commissioners, etc., the effect of a judgment the officer charged must be summoned to appear. In Blackmore et al., Executors, v. Allegheny County, 51 Pa., 160, Judge Agnew, in speaking of the conclusiveness of the Auditors' report, says: "In Wilson v. Clarion County the same doctrine was held, subject only to the rule of universal justice that the officer must have had notice of the proceedings in order that he might be present if he chose."

In Center County v. Kline, 9 Dis. Rep., 738, it is held that "Before County Auditors can certify a large balance against a County Treasurer, or other county official, it is their duty to summon such official to appear before them to grant him a hearing and to give him an opportunity to explain his accounts. Where they proceed without so doing their report will be set aside."

It is very clear from the above authorities that Griffin R. Potter, having had no notice from the Auditors that his accounts, as Treasurer of Wyoming County, were being audited, their report as to him is not conclusive or binding either upon him or his real estate, and that it, therefore, must be set aside by us. We are asked to set it aside so far as it relates to surcharges against him. This we cannot do. The merits of the controversy are not before us and we cannot inquire into them. And we have not in any way passed upon the justice or injustice of any charge or item in the report. The report must either stand or fall as a whole. So far as it relates to the account of Griffin R. Potter, Treasurer, if it is conclusive as to any item in it, it is to all, for an order to make it conclusive notice must have been given, as before set forth. And if this notice was not given then no part of it is conclusive. This will leave it in such shape that no one can be injured thereby, as next year the Auditors, by giving Mr. Potter the proper notice, can go over last year as well as the present. We have also been requested to strike from the report of the Auditors all comment made by them upon the manner the county officials have performed their duties. And also as to the amount of indebtedness incurred during the past year. The Act of Assembly confers upon Auditors all powers they possess. They have the power there given them and no more. The law gives them the authority to audit, settle and adjust the accounts of the Commissioners, Treasurer and Sheriff and Coroner of the counties and make report thereof to the Court of Common Pleas of such county, together with a statement of the balance due from or to such Commissioners, Treasurer, Sheriff or Coroner: Act April 15, 1834, P. L. 545, Sec. 48. Certain other officers' accounts are also to be audited by them

in counties where they have a poor house, etc., and while they have ample powers to compel witnesses to come before them and to hear and determine the matters to be passed upon by them, we know of no law requiring or authorizing them to criticise the conduct of officials. Neither do we know of any power or authority in the Court to supervise or pass upon the report of the Auditors in such respects. And we certainly do not propose to place ourselves in a position where we would be open to the same criticism; we are asked to pass upon the County Auditors, and, therefore, we decline to go further into or comment further upon this portion of their report.

Now, March 3, 1903, upon full consideration, the report of the County Auditors, filed January 23, 1903, to No. 23, April Term, 1903, so far as it relates to the account of Griffin R. Potter, Treasurer of Wyoming County, is set aside, he having had no notice to appear before the Auditors, and not having appeared before them.

Reported by James Wilson Piatt, Esq.,
Tunkhannock, Pa.