# Dunmore Borough School District *v.* Wahlers, Appellant (No. 1).

*Appeals—Township and borough auditors—School district treasurer—Act of May 11, 1901, P. L. 185—Exceptions.*

On an appeal from a judgment of the court of common pleas sustaining an appeal from a report of borough auditors, the appellate court can only take into consideration some fatal defect or irregularity in the proceedings apparent on the face of the record proper, or some "ruling or decision" of the court below upon some "question or point of law" which was duly excepted to. In such a case a general exception to the judgment against the accounting officer is not sufficient to entitle such officer, in the appellate court, to a review of the entire case upon the merits, or to a review of the judge's findings of fact and his conclusions of law based thereon which were not specifically excepted to.

Under the Act of April 15, 1834, sec. 104, P. L. 537, relating to appeals from the settlement of the accounts of township officers, an issue framed and submitted to a jury is not mandatory and indispensable in all cases,

If no exception has been taken to the ruling of the court refusing an issue, the question cannot be raised in the appellate court on a mere general exception to the judgment of the court below.

Argued Jan. 13, 1905. Appeal, No. 41, Jan. T., 1905, by defendant, from order of C. P. Lackawanna Co., Nov. T., 1903, No. 513, sustaining appeal from report of borough auditors in case of Dunmore Borough School District v. August Wahlers. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Appeal quashed.

Motion to quash appeal.
The opinion of the Superior Court states the case.

*T. J. Duggan*, for the motion.—The appeal should be quashed: Ruhlman v. Com., 5 Binney. 24; Election Cases, 65 Pa. 20; Gangewere's App., 61 Pa. 342; Thomas v. Upper Merion Twp., 148 Pa. 116; Mohney v. School Dist. of Red Bank Twp., 15 Atl. Repr. 891; Diamond Street, Pittsburg, 196 Pa. 254.

*I. H. Burns*, with him *George S. Horn* and *A. G. Rutherford*, contra.

OPINION BY RICE, P. J., April 17, 1905:
The Act of May 21, 1857, P. L. 631, which made it the duty of township and borough auditors respectively to settle annually the accounts of the treasurer of the school district, also gave the officer accounting and the school district the same right to appeal from such settlement to the court of common pleas that was allowed in the settlement of the accounts of township officers by the Act of April 15, 1834, sec. 104, P. L. 537. Speaking of the act of 1834, Chief Justice THOMPSON said: " But there is no provision for an appeal from the decision of the latter (the common pleas) to this court, and as the whole system is statutory we cannot assume jurisdiction of such an appeal without statutory authority." Accordingly the appeal was quashed: Gangewere's Appeal, 61 Pa. 342. This decision was followed by the Supreme Court in Springbrook Township v. Thomas, 8 Luz. Leg. Reg. 112, in Mohney v. Red Bank Twp. School District, 15 Atl. Repr. 891, and again in Thomas v. Upper Merion Township, 148 Pa. 116, decided in 1892. In Gifford v. County of Erie, 142 Pa. 408, decided

in 1891, it was held, the proceedings being regular, that the judgment of the common pleas entered on a verdict in an issue directed on an appeal from the report of county auditors, under sec. 56 of the act of 1834, was final and not reviewable in the Supreme Court. The court said, citing Gangewere's Appeal as authority for the ruling : " This appeal is a substitute for a writ of error and must be quashed." In what particular and to what extent was the law changed by the Act of May 11, 1901, P. L. 185, which provides : " That hereinafter in all cases pending and undetermined in any court of common pleas in this commonwealth, which are appeals from settlements or reports made by county, borough or township auditors, it shall be lawful for any party to except to any ruling or decision of the court upon any question or point of law that may arise ; and an appeal may be taken therefrom to the Superior or Supreme Court : Provided, that such exceptions and appeals shall be governed and regulated by the laws now in force, regulating exceptions and appeals to the Supreme and Superior Courts in civil cases." The act does not provide that the entire evidence shall be made a part of the record, and it is quite clear that unless there is some fatal defect or irregularity in the proceedings apparent on the face of the record proper—such defect or irregularity as might have been taken advantage of by certiorari prior to the act giving the name " appeal " to all appellate proceedings—or the court made a " ruling or decision " upon some " question or point of law " which was duly excepted to, the act gives no right of appeal.

There is no such defect or irregularity apparent on the face of this record. The only one suggested is, that no issue was framed and submitted to a jury. But the act of 1834 does not make this mandatory and indispensable in all cases. The language is, " the court may direct an issue to determine disputed facts, if necessary." In the absence of an exception bringing the court's ruling upon this question, and the facts pertinent to it, upon the record, the presumption on appeal is that it was correct.

The case was heard on depositions. The learned president of the court filed an elaborate opinion discussing the questions of fact and law involved in the case and entered the following judgment : " Now, August 8, 1904, it is ordered that August

Wahlers, treasurer of the school district of the borough of Dunmore, be surcharged with the sum of $1,270.59 excess of commissions allowed him by the auditors of said borough for the fiscal year ending June 1, 1903, and we direct that judgment be entered in favor of the plaintiffs for the use of the school district of the borough of Dunmore and against August Wahlers in the sum of $1,270.59 with interest from June 1, 1903." On August 25, at the request of August Wahlers, the court noted an exception " to the judgment of August 8, inst.," and sealed a bill. This was the only exception taken by him in the proceedings. Was it sufficient to entitle him to a review of the entire case upon the merits, or to a review of the judge's findings of fact and his conclusions of law based thereon which were not specifically excepted to ? We think not. The language of the act is very similar to that of the act of 1868, authorizing writs of error to the judgments of the courts of quarter sessions on appeals from orders of removal of paupers, which is " it shall be lawful for either of the parties to the issue to except to any decision of the court upon any point of evidence or of law, which exception shall be noted by the court and filed of record, as in civil cases." Beginning with Lower Augusta v. Selinsgrove, 64 Pa. 166, where the question as to the proper practice under the act was very thoroughly considered by SHARSWOOD, J., down to the present time, it has been uniformly held that a general exception to the opinion or decree is not sufficient to bring the whole case up for review upon the evidence, and that the appellate court can notice only the " decisions of the court on such points of evidence or of law as have been excepted to." We think the same construction should be given to the act of 1901, so far at least as it applies to a case where there has not been a jury trial. Whether a general exception to the charge would have the same effect as in other cases is a question which does not arise here and ·we give no opinion upon it. The two assignments of error are : first, the court erred in not granting an issue and trial according to law ; second, the court erred in holding that defendant was not entitled to show the correctness of the auditor's report as rebuttal to evidence offered by appellants that the report was not correct. As neither of these is founded upon an exception " to any ruling or de-

cision of the court upon any question or point of law," it follows that the case is in the same situation as it would have been if the act of 1901 had not been passed. Therefore the appellee's motion to quash must prevail.

Appeal quashed.