## Berks County *v.* Linderman, Appellant.

*Public officers—County commissioners—Compensation—Statutes—Repeal—*
*Acts of March* 30, 1869, *P. L.* 581, *and May* 7, 1889, *P. L.* 109.

The Act of May 7, 1889, P. L. 109, fixing the compensation of county commissioners within the commonwealth, does not repeal the local Act of March 30, 1869, P. L. 581, relating to Berks county, and fixing the compensation of county commissioners in that county at $500 per annum. The general act only repeals local laws fixing a rate per diem compensation less than is provided in the act of 1889.

*Constitutional law—Title of act—Act of May* 7, 1889, *P. L.* 109.

The Act of May 7, 1889, P. L. 109, entitled "An Act regulating the com-

pensation of county commissioners within this commonwealth," sufficiently indicates in its title the purpose of section 3 of the act which reads "all local laws fixing a per diem compensation, less than is provided in this act, be and the same are hereby repealed."

*Public officers—County commissioners—Compensation—Statutes—Repeal—Acts of March 30, 1869, P. L. 581, and May 5, 1897, P. L. 42.*

While it is true that the Act of May 5, 1897, P. L. 42, repealed so much of the Act of March 30, 1869, as fixed the annual compensation for the commissioners of Berks county, and that the Act of May 7, 1889, P. L. 109, went into full force in that county, commissioners who were elected and went into office prior to the act of May 5, 1897, are not entitled to reap the benefit from the repeal of the local act, since the constitution prohibits the increase or diminishing of salaries of public officers after their election or appointment.

*Public officers—Compensation—County commissioners.*

County commissioners are not entitled to use the public moneys in paying their expenses in attending a county commissioners' convention in another city in the state.

*County auditors—County commissioners—Notice—Res adjudicata.*

Where county auditors meet, and pass upon reports of county commissioners submitted to them, although the commissioners are not summoned, and do not appear, and subsequently the commissioners move the court to strike off portions of the report, and pending this motion, appeal from the county auditor to the common pleas, the county commissioners cannot thereafter complain that they were not summoned to appear before the auditors. In such a case where it appears that the court refused the motion to strike off so much of the report as charged the commissioners with a sum of money, it will be deemed on the appeal to the common pleas that the question of notice to the commissioners was adjudicated in the disposition of the motion to strike off portions of the report.

Argued Nov. 15, 1905.    Appeal, No. 206, Oct. T., 1905, by defendant, from judgment of C. P. Berks Co., June T., 1901, No. 69, on verdict for plaintiff in case of Berks County v. George K. Linderman.    Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Appeal from report of county auditors.

Feigned issue to determine liability of defendant to the county for certain moneys claimed by the county.    Before ERMENTROUT, P. J.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* among others were in refusing motion to

strike off surcharges in report, and in giving binding instructions for plaintiff.

*Stephen M. Meredith* and *William J. Rourke*, for appellants.— Under the act of April 15, 1834, to give to the report of county auditors of a balance due by the commissioners, etc., the effect of a judgment, the officer charged must be summoned to appear at the audit : Wilson v. Clarion County, 2 Pa. 17 ; Blackmore v. Allegheny County, 51 Pa. 160 ; Brown v. Com., 2 Rawle, 40 ; Schuylkill County v. Minogue, 160 Pa. 164 ; Westmoreland Co. v. Fisher, 172 Pa. 317.

The title to the act of 1889 gave no notice or intention of any partial and limited repeal of any local acts, and, therefore, is misleading : Brown's Estate, 152 Pa. 401.

The title to an act should be so certain as not to mislead : Dorsey's Appeal, 72 Pa. 192 ; Beckert v. City of Allegheny, 85 Pa. 191 ; Com. ex rel. v. Samuels, 163 Pa. 283 ; Rogers v. Manufacturers' Improvement Co., 109 Pa. 109 ; Com. v. Hazen, 207 Pa. 52 ; Com. v. Kebort, 212 Pa. 289.

*W. B. Bechtel*, with him *C. S. Shalters*, for appellee.—As the regularity of the proceedings has not been questioned it is submitted that the appeal should be quashed : Gifford v. Erie County, 142 Pa. 408 ; Com. v. Lloyd, 2 Pa. Superior Ct. 6 ; Guldin v. Schuylkill County, 149 Pa. 210.

Jurisdiction and alleged defect in procedure must not be confounded : Godshalk v. Northampton County, 71 Pa. 324 ; Brown v. Com., 2 Rawle, 40.

OPINION BY MORRISON, J., January 13, 1906 :

This appeal by the defendant, and the appeal of Charles E. Stangier from the same court to No. 207, October Term, 1905, involve precisely the same questions and, while this opinion will be filed in No. 206, what is said in it is intended to apply to both cases.

The defendants were elected commissioners of the county of Berks on November 3, 1896, for the term of three years and they were inducted into office on the first Monday of January, 1897, and continued in office until the first Monday in January, 1900.

The appellants claimed compensation under the provisions

of the Act of May 7, 1889, P. L. 109, fixing the compensation of county commissioners within this commonwealth. This is a general act. At the time the appellants went into office the local Act of March 30, 1869, P. L. 581, was in full force in Berks county, and it fixed the compensation of county commissioners at $500 per annum. That act was not repealed by the act of May 7, 1889, supra: Commonwealth v. Lloyd, 2 Pa. Superior Ct. 6; SAME v. SAME, 178 Pa. 308. The very plain reason why the repealing section of the act of May 7, 1889, does not repeal the local act of March 30, 1869, is that the latter act fixes the compensation of county commissioners of Berks county at $500 per annum, and the repealer in the act of 1889 only repeals local laws fixing a rate of per diem compensation, less than is provided in the act of 1889. Under the local law the commissioners of Berks county were not entitled to per diem compensation. It is, however, argued that sec. 3 of the act of 1889 is unconstitutional and void. We can see no merit in this contention. The title is: " Regulating the compensation of county commissioners within this commonwealth." The purpose of the act is to provide per diem compensation for county commissioners. In our opinion, sec. 3 which reads : " All local laws fixing a per diem compensation, less than is provided in this act, be and the same are hereby repealed," is in strict harmony with the act and it is sufficiently indicated by the title. It is further contended that the Act of May 5, 1897, P. L. 42, repealed the local act of 1869, in Berks county, and, therefore, the act of 1889, went into full force in that county. It is true that the act of May 5, 1897, repealed so much of the act of March 30, 1869, as fixed annual compensation for the commissioners of Berks county; but the defendants were elected and went into office prior to the passage of the act of May 5, 1897, and, therefore, they could reap no benefit from the repeal of the local act because of article III, sec 13, of the constitution of this commonwealth, viz.: " No law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment."

We are of opinion that, upon the merits, the county auditors and the learned court below were clearly right in surcharging the defendants with the respective amounts which

they drew from the county over and above the salary fixed by the local law in force in Berks county. Nor do we think there is any error in refusing to allow the appellants the money used by them in attending state conventions. We know of no law authorizing the county to pay such expenses. And, indeed, it is practically conceded at the argument that this was an improper expenditure of the county funds.

The remaining question requiring consideration is the jurisdiction of the auditors, and the court below on appeal from their report. As to the jurisdiction over the subject-matter, there is not the slightest doubt. Such jurisdiction is clearly conferred by the Act of April 15, 1834, P. L. 537. But the contention is that the appellants were not summoned to appear before the auditors. That they did not appear and, therefore, there was a lack of jurisdiction of their persons. It is very clear that the auditors did meet, at the proper time and place, and attempt to settle and adjust the accounts of the appellants in accordance with law ; that they made their report in writing and filed the same in the court of common pleas ; that appellants filed petitions and moved the court to strike off so much of the reports as charged them with money ; that pending rules to show cause on these petitions, the appellants and the county appealed from the county auditors' report to the court of common pleas, and these appeals were duly entered and issues framed, and the cases tried and judgments entered therein, and these are the judgments from which the present appeals were taken.

The ground on which the appellants asked the court to strike off the auditors' report is that they were surcharged without notice. On argument and consideration the court discharged the rules to strike-off, holding, in substance, that the auditors had jurisdiction and therefore the rules were discharged. It should not be overlooked that the appellants appealed to the court of common pleas while their motions and rules to strike off the auditors' report were pending and undecided. In addition to this it appears by the replication to the appellants, pleas to the jurisdiction of the court, that they claimed compensation, by statements presented to the auditors, in accordance with the provisions of the act of 1889, supra.

An examination of the record does not disclose any serious

denial, on the part of the appellants, to the averment in the replication that they presented their statements of claim to the auditors. It is true this is denied by way of argument and perhaps in a very guarded manner otherwise. In view of the condition of this record, we think it comes with bad grace for the appellants to now deny that they had knowledge that the auditors were settling their accounts and that they claimed compensation at the rate of $3.50 per diem before the auditors. So far as we are aware it has never yet been held that the auditors' report must show, on its face, that the officers whose accounts were settled had notice. But clearly such showing of notice is not necessary where the officers appealed from the auditors' report to the common pleas. In Godshalk v. Northampton Co., 71 Pa. 324, it was said by the Supreme Court : " The record shows that a paper purporting to be the auditors' report, was filed in the prothonotary's office, among the records of the common pleas, on March 23, 1868, and that the defendant appealed from it on May 11, 1868. But it is contended that the paper from which the defendant appealed not only does not purport to be an auditors' report, but that it has not a single earmark of such report except that it is signed by the county auditors. If it was not a report of the auditors, why did the defendant appeal from it? The appeal is an admission that the paper filed by the auditors was their report, otherwise the defendant not being affected by it had no right to appeal . . . . and that their report thereof, though in some respects defective, Wilson v. Clarion Co., 2 Pa. 17, was sufficient to warrant the appeal, and give the common pleas jurisdiction of it."

" The law and justice of the case are clearly with the county. Public officers should be held to a strict and rigid accountability, and in no case should charges for services exceeding the compensation allowed by law be sanctioned or tolerated."

In Brown v. The Commonwealth, 2 Rawle, 40, it is said by the Supreme Court (p. 44) : " If no notice was given to him, and the report had been made and filed, and no appeal, and an execution had issued, the court, on application, would have set it aside. The principle is universal in this country, that no man's person or property can be affected by a judgment, of.

which he had not actual or legal notice; but, where he appeared, and appealed, and the whole matter was in court taken up anew, he, at the trial, was in the same situation as if he had appeared before the auditors; and, in judging of the proceedings in court, where he did appear, we are confined to those proceedings.

" But I am by no means satisfied he had not notice. The auditors were not examined in court. This point was not directly made there, perhaps not mentioned; and, from many parts of the case, I would infer that he had notice, and refused to attend."

This case seems to be clear authority that the notice might have been shown by evidence at the trial, in court. Moreover, it is clear authority that by appealing from the auditors' report, jurisdiction was conferred on the common pleas.

Westmoreland County v. Fisher, 172 Pa. 317, is cited to sustain the position that want of jurisdiction can be taken advantage of at any stage of the proceedings. There is no doubt about the soundness of this doctrine but, in our opinion, the appellants have not succeeded in showing a want of jurisdiction. The auditors had jurisdiction of the subject-matter, and if the appellants presented their claims for compensation under the act of 1889 to the auditors, there can be no doubt of the jurisdiction of their persons, and we have already seen that by appealing to the common pleas they gave that court jurisdiction.

The learned counsel cite Schuylkill Co. v. Minogue, 160 Pa. 164, and seem to rely upon it. But that case has no application to our question. There the auditors had no jurisdiction, either of the person charged or of the subject-matter. What is there decided is that an appeal will not have the effect of making a void judgment, either a voidable or a valid one.

In Gifford v. County of Erie, 142 Pa. 408, the Supreme Court held, as stated in the syllabus: " The regularity of the proceedings not being questioned, the judgment of the court of common pleas entered on a verdict in an issue directed on an appeal from the report of county auditors, under sec. 56, Act of April 15, 1834, P. L. 537, is final, and not reviewable in the Supreme Court."

In Dunmore Borough School District v. Wahlers, 28 Pa. Su-

perior Ct. 35, we held that on appeal from a judgment of the court of common pleas, a general exception to the judgment against the accounting officer is not sufficient to entitle such officer, in the appellate court, to a review of the entire case upon the merits, or to a review of the judge's findings of fact and his conclusions of law based thereon, which were not specifically excepted to. And we quashed the appeal. See also Dunmore Borough School District v. Wahlers, 28 Pa. Superior Ct. 39, where we held as follows : " Where the court of common pleas allows an appeal nunc pro tunc from a report of borough auditors, on the accounts of a school district treasurer, and an exception is filed to the allowance of the appeal nunc pro tunc, the appellate court, under the Act of May 11, 1901, P. L. 185, may review the question raised by the exception."

It is very plain that without the act of 1901 the appellants would not be entitled to have the merits of the cases under consideration reviewed by this court, and where the proceedings seem to be regular no questions can be reviewed on appeal here, except such as are specifically excepted to in the court below.

An examination of the records in the cases under consideration show that these appeals might well be quashed under the authorities cited. But, having considered the merits of the cases, and finding no serious error therein, we have concluded not to quash.

The whole ground upon which we are asked to sustain these appeals is the want of notice to the appellants by the auditors. But the defendants before appealing attacked the auditors' report, which had been filed in the common pleas, and had in effect become a judgment against the officers charged. This attack was by moving to strike therefrom so much of the report as charged appellants with any sum of money. The learned court passed upon this motion and refused it, and to this ruling the appellants did not except, nor did they appeal therefrom. Therefore, the questions raised in the motions to strike off are now res adjudicata and cannot be reviewed in this appeal. It is to be presumed, in this collateral attack, that the learned court below was satisfied that the appellants were notified and that the auditors had jurisdiction. That this

is a collateral attack is clear, because the present appeals are from the judgments of the court in the issues framed and tried under the appeals from the auditors' report.

It is contended that the issues tried in the court below were not made in the appeals taken by the county commissioners, but in those taken by the county. But this is immaterial. The appeals by either party brought the whole report before the court, and when the issues were framed and the cases tried it is not of the slightest importance whether the basis of the issues is the appeals taken by the county or by the officers.

All the assignments of error are overruled and the judgment is affirmed.