# Mifflin Township Poor District *v.* Schuylkill County Poor District, Appellant.

*Poor law—Order of removal—Exceptions—Appeals.*

On an appeal from an order affirming the order of removal of a pauper, a single general exception to the opinion or decree of the court is not sufficient to authorize the appellate court to review the whole case upon the merits, or to review particular rulings upon points of evidence or of law, even though they be assigned for error; and in such a case it is not sufficient to merely file exceptions. They must be noted by the court, and it must appear in some form that they were presented to the court,

and were put upon the record with the express sanction of the court. Such exceptions should be presented within a reasonable time after the order was made, and before the appeal may be taken.

Where there is a specific exception to each finding and conclusion complained of, and after all of the exceptions the court makes a note, signed and sealed by the judge, " the exceptions above taken are hereby noted, and bills sealed in each instance," but without such a note after each exception, sufficient compliance is made with the provisions of the statute, and the record is sufficient to sustain the suing out of an appeal.

*Poor law—Notice to pauper—Order of removal.*

An order for the removal of a pauper cannot be sustained where no notice has been given to the alleged pauper of the complaint that he was likely to become chargeable upon the poor district.

Argued March 6, 1908. Appeal, No. 21, Jan. T., 1908, by defendant, from order of Q. S. Columbia Co., Feb. T., 1905, No. 14, confirming order of removal in case of Overseers of the Poor District of Mifflin Township v. Directors of the Poor and of the House of Employment for the County of Schuylkill. Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Reversed.

Appeal from order of removal of a pauper.   Before EVANS, P. J.

From the record it appeared that Harvey Gearhart had no notice of the complaint and hearing thereon, that he was likely to become chargeable to the poor district of Mifflin township. Other facts appear by the opinion of the Superior Court.

*Errors assigned* were in not finding certain facts and conclusions in favor of the defendant, including the fact that no notice had been served upon Harvey Gearhart of the complaint and the hearing (3).

*William Chrisman* and *W. F. Shepherd*, with them *M. H. Moyer*, for appellants.—The complaint made against Harvey Gearhart in this case by the overseers of Mifflin township, through their attorney, T. J. Vanderslice, alleged that he was likely to become chargeable upon the poor district of Mifflin.

It was, therefore, the duty of the justices of the peace to direct notice to Harvey Gearhart of that fact; and having given such notice to inquire into and adjudicate upon the truth thereof: He would then have had a chance to show that the complaint was unfounded, which was his legal right. That notice was required to be given to him has been settled beyond the possibility of dispute: Overseers of Gilpin Township v. Overseers of Parks Township, 118 Pa. 84; Commonwealth v. Darr, 11 Pa. Superior Ct. 74; Poor District of the Borough of Edenburg v. Poor District of the Borough of Strattanville, 5 Pa. Superior Ct. 516.

*Grant Herring*, with him *S. P. Wolverton, S. P. Wolverton, Jr.*, and *T. J. Vanderslice*, for appellee.—Under the Act of March 16, 1868, P. L. 46, relating to appeals from orders of removal of paupers, separate exceptions must be taken to any particular finding of fact or conclusion of law alleged as error. A mere general exception to the findings of fact and conclusions of law is insufficient, and the fact that the general exception is repeated after each assignment of error to a particular finding of fact or conclusion of law does not bring the appeal within the provisions of the statute: Sibley v. Robertson, 212 Pa. 24; Petri v. Carracciolo, 33 Pa. Superior Ct. 312; Wingert v. Teitrick, 31 Pa. Superior Ct. 187.

If it should be contended that the exceptions noted and bills sealed as of October 8, 1907, and October 16, 1907, are sufficient in law, then we contend that these exceptions were taken and these bills sealed too late, more than six months having elapsed between the filing of the opinion approving the order of removal and the obtaining of the exceptions, etc.: Haines v. Com., 99 Pa. 410.

OPINION BY RICE, P. J., December 21, 1908:
Upon the allowance of the court of quarter sessions of Columbia county an appeal was entered by the directors of the poor of Schuylkill county from an order of removal of Harvey Gearhart from the poor district of Mifflin township in Columbia county to the poor district of the county of Schuyl-

kill. Upon April 1, 1907, the court filed an opinion setting forth its findings of fact, conclusions of law and answers to the written points that had been submitted by the parties, and concluding with an order affirming the order of removal and directing the Schulykill county poor district to pay the costs. On April 3, 1907, the following exceptions were filed on behalf of the latter district: "1st. The opinion is contrary to law. 2d. The opinion is contrary to the law in the case." On April 19, 1907, the same day that the appeal was taken to this court, specific exceptions were filed to certain of the court's findings and answers to the points. These exceptions referred to the findings and answers to the points by their respective numbers, and set forth the same in substance, and, in some instances, in the exact words of the court. At the end of the paper appears the following: "Now, April 15th, 1907, upon request of counsel for the poor district of Schuylkill County, the exceptions above taken are hereby noted, and bills sealed in each instance for the poor district of Schuylkill. By the Court, CHARLES C. EVANS, P. J. [Seal]." Referring, however, to the body of the paper we find that following each of five of the exceptions there is a note in these or equivalent words signed and sealed by the judge: "Refused, exception noted and bill sealed, Oct. 16, 1907," and that following each of the other exceptions there is a note signed and sealed by the judge, in these or similar words: "Assignment of error is overruled. Exception noted and bill sealed, Oct. 8, 1907." The later dates, it will be noticed, were more than six months after the order appealed from was made, and more than five months after the paper was filed and the appeal was taken.

The statute giving the right to have the decisions of the quarter sessions in such case reviewed in the appellate court provides, that "upon the hearing and argument . . . . it shall be lawful for either of the parties to the issue to except to any decision of the court upon any point of evidence or law, which exception shall be noted by the court and filed of record as in civil cases, and a writ of error (now appeal) to the Supreme Court (now to the Superior Court) may be taken by either party to the judgment of the court with like effect as

in civil cases:" Act of March 16, 1868, P. L. 46.  A "point of evidence," in the contemplation of this statute, is whether a witness offered is competent or whether evidence offered is competent or relevant as tending to prove a fact material to the issue, and a "point of law" is a question of law applicable to the facts as they may be found by the court, which the party may propose in the shape of a written point and require an answer: Lower Augusta v. Selinsgrove, 64 Pa. 166.  It results from this construction of the statute, as well as from the provision assimilating the proceedings to those in use in civil cases, that the exceptions must be specific; a single general exception to the opinion or decree of the court is not sufficient to authorize us to review the whole case upon the merits, or to review particular rulings upon points of evidence or of law, even though they be assigned for error.  Therefore, the exceptions filed on April 3, 1907, may be dismissed from consideration without further notice.  Again, it is not sufficient to merely file exceptions.  They must be noted by the court.  This is absolutely essential to entitle them to go upon the record.  It must appear in some form that they were presented to the court and were put upon the record with the express sanction of the court.  As the decisions of the court upon the several written points of law submitted by the parties are not usually made upon the hearing and argument, it is apparent that the legislature did not intend to make it an imperative requirement that the exceptions be noted at that time.  Nor do we think they may not be noted after the date on which the decisions were rendered.  It is due to the court, however, that they be presented to it within such reasonable time thereafter, "as that the matter may be still fresh in the recollection of the court," and we have no doubt that it is within the power of the quarter sessions to declare by a general rule what is the reasonable time within which they must be presented.  See Haines v. Commonwealth, 99 Pa. 410.  But be that as it may, having regard to the reason of the requirement that the exceptions be noted by the court, as well as to the very words of the act, we think it clear that this must be done before the writ of error (now appeal) allowed by the act may be sued out.  And

this seems to have been the construction given to the act in Overseers of Parker Township v. Overseers of East Franklin Township, 13 W. N. C. 141, wherein the court said: "Such writs are authorized only where there is any exception to any decision of the court upon any point of evidence or law." The practice is in some respects analogous to that on an appeal from the refusal to give judgment for want of a sufficient affidavit of defense, in which it has been held to be an essential prerequisite to the right to have the court's decision reviewed that the plaintiff's exception be of record, by the allowance of the court, before suing out the appeal: Mehring v. Commonwealth B. & L. Assn., 17 W. N. C. 422; Chambers v. McLean, 23 Pa. Superior Ct. 551.

Viewing the record in the light of the foregoing conclusions, we are constrained to hold that if there were nothing to show that the exceptions were tendered to and allowed by the court before October 8th and 16th, the motion to quash ought to prevail. There remains to consider the effect of the court's action on April 15th, as shown by the paper filed on April 19th. In Overseers of East Franklin Township v. Overseers of Rayburn Township, 23 Pa. Superior Ct. 522, it was held that a mere general exception to the judge's findings of fact and conclusions of law was insufficient to bring those findings on the record for purposes of review. But in this case there was a specific exception to each finding and conclusion complained of, and by the unequivocal terms of the order referring to them the court noted each of the exceptions. It is true, the court did not actually repeat after each exception the words "Exception noted and bill sealed," and attach thereto his signature and seal, but the note made at the end was evidently intended to have the same effect as if the judge had gone through that formality. Having regard to substance, every purpose of the statutory provision is carried out by treating this as a bill of the exceptions presented by the appellant and noted and sealed by the court, as it was evidently intended to be. See Commonwealth ex rel. v. Arnold, 161 Pa. 320. We cannot agree that the entry purporting to be made on April 15th is contradicted by the entries purporting to be

made on October 8th and 16th. The paper was sent up by the court in obedience to the writ as part of the record, and as the date of filing indorsed on the paper corresponds with the date of filing mentioned in the docket entries, there is no room for doubt that the paper with the final entry made by the court at the end is the paper referred to in the docket entries. Assuming, as we must, that the entries were made by the court at the dates they purport to have been made, the presumption is that the later entries were not intended to qualify or negative what the earlier entry imports, but were intended to be in addition thereto. We therefore conclude, that as the bill of the exceptions presented to and allowed by the court on April 15th and filed on April 19th was sufficient to bring the rulings complained of on the record for purposes of review, the motion to quash must be overruled.

The appellee's counsel concede that if the motion to quash be not sustained the third assignment of error is well taken. As they well say, they could not contend otherwise under the authorities: Overseers of Gilpin Township v. Overseers of Parks Township, 118 Pa. 84; Commonwealth v. Darr, 11 Pa. Superior Ct. 74.

The third assignment of error is sustained, the order of the quarter sessions from which this appeal is taken is reversed, and the order of removal is quashed at the costs of the appellee.