## Devlin's Case (No. 1).

*Public officers—Township auditors—Tax collector's account—Issue—Exceptions—Appeals—Quashing appeal.*

1. On an appeal of a taxpayer from the audit of an account of a tax collector, an issue to determine disputed questions of fact will not be allowed if all the questions raised by the petition and answer are determinable by an inspection of the auditor's report appealed from.

2. On an appeal from an order surcharging a township tax collector on proceedings on an appeal from report of auditor's, a general exception to the findings of fact and to the decree of the court below is not sufficient to bring the whole case up for review upon the evidence.

Argued March 2, 1909.  Appeal, No. 22, March T., 1909, by John L. Devlin, from order of C. P. Luzerne Co., Dec. T., 1905, No. 136, surcharging tax collector in the Matter of John L.

Devlin's Accounts.  Before RICE, P. J., PORTER, HENDERSON, MORRISON, HEAD and BEAVER, JJ.  Appeal quashed.

Appeal from report of township auditor on the accounts of John L. Devlin, tax collector.

FERRIS, J., filed the following opinion:

The petition upon which this rule was granted contains the following averments:

1. That the auditors of the township of Plains filed their report of the audit, settlement and adjustment of the accounts of John L. Devlin, tax collector of said township, with the school district of said township, for the year beginning June 6, 1904, in the court of quarter sessions of Luzerne county and that the petitioner, Irvin D. Hague, on behalf of the school district, has appealed therefrom.

2. That in said report it appears that the total amount of school taxes collected by the accountant for that year was $21,913.

3. That of this sum $18,000 were collected within sixty days from the date of public notice by him of the delivery to him of the school tax duplicate for that year, and that the balance, viz.: $3,913 represents the amount collected after the expiration of that period.

4. That under the law the tax collector was entitled to a commission of two per cent upon said sum of $18,000, viz.: $360, and five per cent upon said sum of $3,913, viz.: $195.65, making in all $555.65.

5. That it appears from the auditor's report that the tax collector has been allowed as commissions the sum of $1,001.66, instead of $555.65, or $446.01 more than he was legally entitled to.

Upon this petition the present rule was granted.  The tax collector, Devlin, afterwards filed an answer alleging:

1. That the appellant, Hague, was without standing in that he was not a taxpayer of the township.

2. That the petition is sworn to by George J. Hartman without any reason being given why it should not have been verified by the affidavit of the petitioner himself.

3. That the facts averred in the first paragraph of the petition are true, but

4. Denying the truth of the allegations contained in the second, third, fourth and fifth paragraphs of the petition.

From the depositions taken we are satisfied that the appellant was a taxpayer of the district, and was by law authorized to take the appeal in this case; also that the objection to the granting of the rule upon a petition verified by the affidavit of a third party is not well taken, for the reason that, since the grounds of the application appear of record, no affidavit at all was required under our court rule on the subject.

There is no necessity for an issue to determine disputed questions of fact, since all such questions which are raised by the petition and answer are determinable by an inspection of the auditor's report appealed from.

In the tax collector's account, which the auditor has stated to be correct, he charges himself with the amount of his school tax duplicate for 1904 as being $25,667.27, and takes credit as follows:

| | | | |
|---|---|---|---|
| Amount of Rebates | $ | 900 00 | |
| Land Returns | | 312 87 | |
| Exonerations and Abatements | | 1,539 74 | |
| Amount Paid to Treasurer | | 21,913 00 | |
| Collector's Commissions | | 1,001 66 | $25,667 27 |

The testimony of the accountant is to the effect that the original school tax duplicate was incorrect as at first delivered to him, and that upon his calling the attention of school board to that fact, he was authorized to and did make up a new duplicate which he afterwards burned, and that he was unable to remember at the time he testified what its amount had been. Some other evidence was produced tending to show that the amount of the duplicate ought to have been not less, but more than that stated in the account. He is not chargeable, however, with the amount it should have shown, but with the amount it did show. The evidence does not justify the conclusion that the duplicate was for any different total sum than that set forth in his account, as approved by the auditors. The correctness

of the other items is not questioned except the credit item of $1,001.66 for "Collector's Commissions."

That the collector is not entitled to that sum is apparent from the account itself as embodied in the auditor's report. The law entitles him to commissions at the rate of five per centum on taxes afterwards collected: Act of June 2, 1891, P. L. 175. His account shows the total amount of the five per centum abatement (called "rebates" in the account) to be $900 which is five per centum of $18,000. Upon this latter sum he would be entitled to retain a commission of two per centum. The statute just cited makes it his duty to pay over to the proper treasurer all the taxes collected, after deducting his legal commissions. His account shows that he paid over the sum of $21,913, and deducted as commissions $1,001.66. The total of these two sums, therefore, represents the total amount of school taxes collected, viz...............$22,914 66

Deduct the taxes subject to the five per centum

abatement....:............................ 18,000 00

And we have.................................$ 4,914 66

on which he would be entitled to retain commissions at the rate of five per centum. The account shows that he retained $1,001.66.

He was entitled to two per centum on

$18,000.00, or....................... $360 00

and five per centum on $4,914.66, or...... 345 73    $605 73

which leaves.................................    $395 93

as the amount he deducted as commissions in excess of what the law allowed him, and which he owed to the school district of the township of Plains at the end of the school year.

The rule is therefore amended so as to be a rule to show cause why the account of John L. Devlin, as collector of the school taxes of the school district of the township of Plains for the year beginning June 6, 1904, as stated in the report of the audit and settlement thereof filed in the court of quarter sessions of Luzerne county in No. 727, September sessions, 1905, should not be reformed, and why he should not be surcharged with the sum of $395.93, with interest thereon from June 5, 1905, and why judgment should not be entered against him therefor

in favor of the school district of the township of Plains; and as so amended the rule is made absolute and judgment is entered accordingly.

*Errors assigned* were in the following form:

It is respectfully submitted that the court below erred in the following particulars:

1. In finding that the word "rebates" might be read the same as if it appeared as "abatements."

2. The court erred in not awarding an issue.

3. The court erred in entering judgment.

4. The court erred in finding that Irvin D. Hague was a taxpayer of Plains township.

*M. H. McAniff*, for appellant.

*John D. Farnham*, for appellee.

PER CURIAM, April 19, 1909:

We think the learned judge below was right in holding that there was no necessity for an issue to determine disputed questions of fact, since all such questions which were raised by petition and answer were determinable by an inspection of the auditor's report appealed from. We think also he was right in his interpretation of the word "rebates" as used in the auditor's report, and that no jury or evidence was necessary to determine what was meant thereby. These conclusions are so well sustained by his opinion that we need not discuss the merits of the case further.

But apart from them the appeal must be quashed for the reasons set forth in appellee's motion. The sole exceptions to the decree of the court and the order noting them are in these words: "Now, June 8, 1908, the respondent, John L. Devlin, respectfully excepts to the findings of fact in the decree this day entered, and also to the decree of the court, and thereupon exceptions noted and bill sealed for exceptant."

In Dunmore Borough School District v. Wahlers, 28 Pa. Superior Ct. 35, we held that the proper practice under the Act

of May 11, 1901, P. L. 185, is similar to that under the act of 1868, authorizing writs of error to the judgments of the courts of quarter sessions on appeals from orders of removal, and that a general exception to the opinion or decree is not sufficient to bring the whole case up for review upon the evidence. The practice under the latter act is more fully considered in the recent case of Mifflin Twp. Poor District v. Schuylkill County Poor District, 37 Pa. Superior Ct., 611, and we are of opinion that the rules there suggested are applicable here.

The appeal is quashed.