## Lytle *v.* Rupert, Appellant.

*Appeals—Quashing appeal—Auditor's report—General exceptions—Evidence—Rulings on evidence.*

1. Where the court of common pleas overrules exceptions to the report of an auditor appointed to pass upon the accounts of a township auditor, a general exception to such order of the court is not sufficient to bring up the whole case for review upon the evidence; nor is it sufficient to bring upon the record for purposes of review on appeal the rulings of the auditor rejecting offers of evidence.

2. It is incumbent on a party making an offer of evidence to make it sufficiently broad and sufficiently explicit to enable the appellate court in case of its rejection to determine whether the ruling injured him or not.

Argued Oct. 27, 1910. Appeal, No. 227, Oct. T., 1910, by defendant, from order of C. P. Huntingdon Co., May T., 1907, No. 27, overruling exceptions to auditor's report in case of W. S. Lytle v. John H. Rupert. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Exceptions to auditor's report.

The record showed the following decree:

And now, September 3, 1910, the exceptions to the auditor's report are overruled and the report is confirmed.

And now September 20, 1910, on motion of Samuel I. Spyker, Esq., attorney for supervisors and Rupert, tax collector, an exception is granted to the foregoing decree and bill sealed.

*Errors assigned* were in the following form:

1. The auditor erred in refusing to admit the testimony of John H. Rupert, together with his road tax duplicate for 1906.

2. The auditor erred in refusing to admit the testimony of John H. Rupert, together with his road tax duplicate for 1907.

3. The auditor erred in refusing to admit the testimony of John H. Rupert, together with his road tax duplicate for 1908.

4. The auditor erred in refusing the following offer: "By Mr. Spyker. We offer petition in evidence for the purpose of informing the master of the wishes and desire of a great majority of the citizens and taxpayers of Henderson township, showing that the appeal, as before the auditors, was taken for personal reasons rather than for the good of the township. That the controversy which arose and out of which No. 10, September Sessions, 1908, resulted, was a personal controversy, and not for the benefit of the township of Henderson, and that the auditors and supervisors of the township of Henderson had, in a settlement as of March 6, 1909, exercised proper discretion under the law, in allowing the order for $51.00 for the purpose of paying the costs and expenses incident to No. 10, September Sessions, 1908. All of this going to the question of discretion as exercised by officials of Henderson township."

5. The auditor erred in surcharging John H. Rupert, collector of road taxes of Henderson township, with the sum of $188.43.

6. The court erred in overruling the exceptions to and affirming the auditor's report by its decree of September 3, 1910.

*Samuel I. Spyker,* with him *H. W. Petrikin,* for appellant.

*·Thos. F. Bailey,* for appellee.

PER CURIAM, November 21, 1910:

This case came into the court below by appeal of a resident taxpayer from the audit of the accounts of township auditors for the year ending March 6, 1909. Upon application of counsel for both parties, the court framed an issue for the determination of several questions, and amongst them, whether John H. Rupert, tax collector, should be surcharged with the sum of about $160, or any part thereof, and directed the case to be tried without further pleadings. Subsequently, the court referred the case to an auditor "to determine the matters involved and make a report to the court." This mode of procedure seems to have been acquiesced in without objection by either party, and as its regularity is not now questioned, we need pass no opinion on it. After hearing, the auditor made a report in which he restated the account, found a balance due the township from this appellant of $160.89, and surcharged him with this amount together with $27.54, one-half the costs of the proceeding before the auditor. After hearing, the court overruled the exceptions and confirmed the report, and to that decree the court, at the request of the appellant, granted an exception and sealed a bill. This was the only exception taken or asked for to the action of the court, and under the authority of Dunmore Borough School District v. Wahlers, 28 Pa. Superior Ct. 35; Berks County v. Linderman, 30 Pa. Superior Ct. 119, and Devlin's Case, 39 Pa. Superior Ct. 311, a general exception to the decree of the court is not sufficient to bring up the whole case for review upon the evidence. See also Mifflin Township Poor District v. Schuylkill County Poor District, 37 Pa. Superior Ct. 611. It follows that the fifth and sixth assignments of error need not be considered. We are of opinion also that the exception was not sufficient to bring upon the record, for purposes of review here, the rulings of the auditor rejecting certain offers of evidence alluded to in the other assignments of error. But even if it were, the fourth assignment must be overruled, because it was clearly incompetent and im-

proper to introduce the petition of certain citizens and taxpayers to show their wishes regarding the matter then under judicial investigation. As to the other three assignments, it is sufficient to say that, if the tax duplicates of preceding years had any relevancy in the determination of the balance due from the collector upon an audit of his account for the year of 1909, it does not appear by the assignments of error or by the offers themselves as printed elsewhere in the paper-book. It is incumbent on the party making an offer to make it sufficiently broad and sufficiently explicit to enable the appellate court, in case of its rejection, to determine whether the ruling injured him or not: Feingold v. Katz, 43 Pa. Superior Ct. 333.

The motion of the appellee is allowed, and the appeal is quashed at the costs of the appellant.