# Fry, Appellant v. Keiter.

*Appeals—Quashing appeals—Report of borough auditors—Exceptions —Act of May 11, 1901, P. L. 185.*

On an appeal from a judgment of the court of common pleas upon an appeal from a report of borough auditors, the appellate court can only take into consideration some fatal defect or irregularity in the proceedings apparent on the face of the record proper, or some "ruling or decision" of the court below upon some "question or point of law" which was duly excepted to. Where in such a case the assignments of error all go to conclusions of fact or of law based on the evidence, and are not supported by any general or specific exceptions whatever, the appeal will be quashed.

Argued Nov. 23, 1910. Appeal, No. 217, Oct. T., 1910, by plaintiffs, from order of C. P. Chester Co., Aug. T., 1909, No. 32, sustaining exceptions to report of borough directors in case of J. Harry Fry et al. v. Hosea B. Keiter. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Appeal quashed.

Exceptions to report of A. T. Parke, Esq., auditor. Before HEMPHILL, P. J.

*Errors assigned* were in sustaining various exceptions to the report of the auditor.

*J. Frank E. Hause,* for appellants.

*Harry I. Hiestand,* with him *Joseph H. Baldwin,* and *Walter S. Talbot,* for appellee.

OPINION BY RICE, P. J., March 3, 1911:

This case had its origin in the audit, by the borough auditors, of the accounts of the appellee as borough treasurer. From this report three taxpayers appealed to the common pleas, and, in support of their appeal, specified error in the allowance of a credit of $525, which it is conceded was paid by the treasurer on three warrants, regular on their face, which were drawn, by order of council, in favor of the Methodist Church, Esther Kugler and William Winner, in consideration of releases of damages to their respective properties, occasioned by the opening of certain streets. The court appointed an auditor "to report on the matters and things referred to in said appeal," who, upon consideration of the evidence adduced before him, filed a report restating the treasurer's account, surcharging him with the credit item above referred to, and directing him to pay the costs. Exceptions were filed to the report by the appellee, and, after argument, the court, in an opinion filed, reinstated the credit which had been approved by the borough auditors and imposed the costs on the appellants. From that order they took this appeal.

One of the reasons assigned by the appellee, in support of his motion to quash the appeal, is that the appellants' paper-book does not contain any of the evidence taken before the auditor appointed by the court. Appellants' counsel urges "that the action of the council in ;thus

opening the streets and directing payment of damages
without any attempt to reimburse the treasury by assess-
ments for contributions was illegal; that the treasurer
had full knowledge and cannot therefore screen himself
behind properly drawn and signed orders." On the other
hand, counsel for appellee assert that the evidence taken
before the auditor appointed by the court "does not show
that the treasurer knew the consideration for warrants
paid by him to have been illegal. On the contrary, the
evidence shows affirmatively that so far as he knew all
payments made by him were for legal purposes." It is
thus seen that if the case were before us for review on the
merits there would be much force in the appellee's con-
tention that the evidence ought to have been printed.
But the case is not before us for review on the merits.
Prior to the Act of May 11, 1901, P. L. 185, which, except
as to county officers, was re-enacted in sec. 4 of the Act
of May 3, 1909, P. L. 392, no appeal lay to the Supreme
Court or the Superior Court from the judgment of the
common pleas on an appeal from township or borough
auditors: Gangewere's App., 61 Pa. 342; Spring Brook v.
Thomas, 8 Luz. Leg. Reg. 112; Mohney v. Redbank Twp.
School Dist., 2 Mona. 345; s. c., 15 Atl. Rep. 891; Thomas
v. Upper Merion Twp., 148 Pa. 116. In Dunmore Bor-
ough School Dist. v. Wahlers, 28 Pa. Superior Ct. 35,
we had occasion to determine in what particular and to
what extent the law was changed by the act of 1901. We
there held that on an appeal from a judgment of the court
of common pleas, upon an appeal from a report of bor-
ough auditors, the appellate court can only take into
consideration some fatal defect or irregularity in the pro-
ceedings apparent on the face of the record proper, or
some "ruling or decision" of the court below upon some
"question or point of law" which was duly excepted to.
We also held that in such a case a general exception to
the judgment is not sufficient to entitle the appellant to
a review of the entire case upon the merits, or to a review
of the judge's findings of fact and his conclusions of law

based thereon which were not specifically excepted to. These conclusions were in accordance with the construction which was placed on the provisions of the Act of March 16, 1868, P. L. 46, relating to appeals in pauper cases. That subject was fully considered in Lower Augusta v. Selinsgrove, 64 Pa. 166, and the principles there enunciated have been followed ever since. They are applicable here. None of the assignments of error raises any question as to the regularity of the proceedings. They all go to conclusions of fact or of law based on the evidence, and are not supported by any general or specific exception whatever. It follows that the case is in the same condition as it would have been if the act of 1901 or 1909 had not been passed. No reversible error appearing in the record properly before us for review, the appeal will be quashed..

The appeal is quashed at the costs of the appellants.