# Zeigler's Petition.

207      131
f212     561
e 28 SC   43
28 SC   46
207      131
s215     579

*Public officers—County auditors—Account—Act of April 15, 1834, P. L. 537—Appeal nunc pro tunc.*

County commissioners should be given leave to appeal nunc pro tunc from a report of county auditors settling the account of a county treasurer where upon a proper hearing it is made to appear that the report was obtained by fraud practiced by the county treasurer, and that such fraud was not discovered until after the time allowed for the appeal had passed.

Where a petition for an appeal nunc pro tunc from report of county auditors avers fraud in procuring the report, the question raised should not be summarily disposed of on petition and demurrer. In such a case the demurrer should be overruled with leave to the county treasurer and his sureties to answer; and on answer, or in default thereof, the court should be informed by depositions as to the real facts in connection with appellants' allegations of fraud, and, if then satisfied that relief ought to be granted, the judgment should be opened and the appeal allowed.

Argued May 19, 1903. Appeal, No. 122, Jan. T., 1903, by York County, from order of C. P. York Co., refusing to allow appeal nunc pro tunc in the matter of Eli H. Zeigler et al., County Commissioners for leave to appeal nunc pro tunc from the reports of the County Auditors, settling the accounts of William O. Thompson, County Treasurer for the years 1900 and 1901. Before MITCHELL, DEAN, FELL, BROWN and POTTER, JJ. Reversed.

Petiton for leave to appeal nunc pro tunc from report of county auditors.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was order sustaining demurrer to petition.

*J. S. Black*, with him *E. D. Ziegler*, for appellant.—The naked question for determination in this case is whether a judgment founded upon the county auditor's report has more virtue than any other judgment, order or decree known to the law. Such judgment should not stand under circumstances that would be fatal to all other judgments : Act of 1834, P. L. 537 ; Cochran v. Eldridge, 49 Pa. 365 ; Hambleton v. Yocum, 108 Pa. 304 ; Fisher v. Hestonville, etc., Pass. Ry. Co., 185

Pa. 602; Gazzam v. Reading, 202 Pa. 231; Kuhns's App., 87 Pa. 100.

*Henry C. Niles*, with him *Nevin M. Wanner* and *George E. Neff*, for appellee.—Since the passage of the act of 1834 it has been uniformly held that the special tribunal created by it for the settlement of the accounts of the county officers named is exclusive of all others, and that its decision if not appealed from is final and conclusive, and cannot be opened for the correction of errors or again inquired into by the auditors or by the court : Northumberland Co. v. Bloom, 3 W. & S. 542; Wilson v. Clarion Co., 2 Pa. 17 ; Northampton Co. v. Yohe, 24 Pa. 305; Blackmore v. Allegheny Co., 51 Pa. 160; Glatfelter v. Commonwealth, 74 Pa. 74; Siggins v. Commonwealth, 85 Pa. 278; Northampton Co. v. Herman, 119 Pa. 373; Schuylkill Co. v. Boyer, 125 Pa. 226; Westmoreland County v. Fisher, 172 Pa. 317.

In this state the ruling has been uniform that after the expiration of the term the court is absolutely without power to open for purposes of retrial a judgment entered after due hearing. It is not a discretionary matter. The day of discretion is past : Catlin v. Robinson, 2 Watts, 373 ; Mathers's Executor v. Patterson, 33 Pa. 485; King v. Brooks, 72 Pa. 363 ; Lance v. Bonnell, 105 Pa. 46 ; Hill v. Egan, 2 Pa. Superior Ct. 596 ; Hill v. Harder, 3 Pa. Superior Ct. 473; Abeles v. Powell, 6 Pa. Superior Ct. 123 ; Syracuse Pit Hole Oil Co. v. Carothers, 63 Pa. 379.

OPINION BY MR. JUSTICE POTTER, October 19, 1903 :

On October 6, 1902, Eli H. Zeigler and others, county commissioners of York county, filed their petition in the court of common pleas, in which they alleged that William O. Thompson was duly elected treasurer of York county for the term of three years beginning on the first Monday of January, 1900, and thereafter duly qualified and entered upon the duties of his office ; that the accounts of said treasurer for the years 1901 and 1902 were duly audited by the county auditors and their reports were filed among the records of the court as directed by law; that by reason of certain frauds practiced by the treasurer upon the county commissioners and the county auditors

which are set forth in detail in the petition, the reports of the auditors as filed did not show the true balances due by the treasurer to the county ; that the report for 1900 showed a balance less by $10,745.09, and that for 1901 a balance less by $59,492.11, than the amounts actually due, and that the petitioners were ignorant of the frauds practiced by the treasurer until a recent date, after the time allowed by law for appeals from the reports of the county auditors had elapsed. The petitioners prayed the court for leave to appeal from the reports of the county auditors for 1900 and 1901, nunc pro tunc.

By agreement of counsel for all parties in interest, the case was argued before the court, as on demurrer to the petition, and the court sustained the demurrer, holding that it had no power to allow an appeal after the expiration of the time fixed by the statute. From this judgment the county appealed.

The case arises under the Act of April 15, 1834, P. L. 537, which contains the following provisions :

Sec. 55. The report of the auditors shall be filed among the records of the court of common pleas of the respective county, and from the time of being so filed shall have the effect of a judgment against the real estate of the officer who shall thereby appear to be indebted either to the commonwealth or to the county.

Sec. 56. An appeal may be made from such report to the court of common pleas, of the same county, either by the commonwealth, the county, or the officer, and thereupon the court may direct an issue as the case may require, to be tried by a jury, upon whose verdict final judgment shall be entered.

Sec. 57. Such appeal shall be entered by the commonwealth within four months and by the county and the officer within sixty days after the filing of the report: Provided, That if the officer be the appellant he shall enter into a recognizance with two sufficient sureties in double the sum found due by such report, with condition to prosecute the appeal with effect and pay the costs and such sum of money as he shall appear by the verdict of the jury to be indebted.

Sec. 58. If an appeal shall not be entered and security given as is hereinbefore required, or if upon such appeal, judgment shall be given in favor of the commonwealth or of the county, execution shall thereupon issue against the property or person

of the defaulting officer, in like manner as upon judgments recovered in usual course of law.

There is no doubt as held in Northumberland County v. Bloom, 3 W. & S. 542, that the report of the county auditors has the effect of a judgment, subject to appeal by either party which is conclusive against both the county treasurer and the county, and that " the county, as well as the officer has a limited period of appeal, and when it has slipped its time, it has no further remedy." The subsequent cases which are collected in the opinion of this court in Westmoreland Co. v. Fisher, 172 Pa. 317 (321), are to the same effect and hold that the report of the county auditors, when filed in the prothonotary's office and unappealed from within the time allowed by the statute, is conclusive upon all parties and cannot be disturbed for the purpose of correcting errors or supplying omissions.

But a detailed examination of all of these cases shows that in none of them was there any proof or allegation that the report was obtained by fraud which was not discovered until after the time allowed for the appeal had passed. In Blackmore v. Allegheny Co., 51 Pa. 160, which was an action of debt against the executors of the deceased county treasurer upon his official bond, it was held after a thorough examination of the provisions of the act of April 15, 1834, and the cases decided under it, and analogous statutes, that the reports of county auditors are conclusive upon all parties and (p. 163) " cannot be inquired into, either by the same tribunal at another time, or by a court of law, except in the manner provided, upon an appeal by the county or the officer." But in this case it was distinctly intimated by Judge AGNEW that the auditor's report even if unappealed from, might be set aside for fraud. He said (p. 62) that the court below had in that case allowed a recovery " without any evidence which we can see of artifice or fraud used to conceal the item from the scrutiny of the auditors."

In Westmoreland County v. Fisher, 172 Pa. 317, the last case arising under the provisions of the act of April 15, 1834, which are now in question, the county auditors in their report duly filed and unappealed from, found that a certain balance was due by the treasurer to the county. Subsequently they reviewed their work and filed a supplemental report, increasing

the balance due. This court held that in filing the supplemental report, the auditors exceeded their powers, and that it must be stricken from the record. But the court in that case considered neither the question of fraud, nor the power of the court to allow an appeal nunc pro tunc, upon fraud being shown.

In Lacock v. White, 19 Pa. 495, where it was first held that the court of common pleas had no power to open a judgment entered on a transcript of a judgment by a justice of the peace, Chief Justice BLACK said (p. 497) : " It may safely be laid down as a rule on this subject that a judgment rendered by one tribunal cannot be set aside and the cause heard again by another, though a superior one, except in the strict exercise of appellate jurisdiction. The court may indeed set aside an illegal award, strike off a lien irregularly entered, or inquire if it was entered for a fraudulent purpose." But the question of power to grant an appeal nunc pro tunc was not considered in this case, nor in any of those in which Lacock v. White has been followed.

In Stebbins v. Crawford Co., 92 Pa. 289, it was held that where auditors by an error in calculation had charged the county treasurer with a smaller balance than was actually due by him, and the time for an appeal had passed before the mistake was discovered, there was a moral obligation on the treasurer to pay the difference, which would constitute a sufficient consideration for his promise to do so.

In Plains Township Audit, 15 Pa. C. C. Rep. 408, Judge RICE, then on the common pleas bench, allowed an appeal nunc pro tunc from the report of township auditors, upon the ground that the appellant had been misled by the town clerk and had consequently failed to file his appeal in time. It is there held that the granting of appeals nunc pro tunc is within the equitable powers of the court.

In Smythe v. Boswell, 117 Ind. 365,* it was said, " It is true that the judiciary is an independent department of government, exclusively invested by the constitution with one element of sovereignty and that this court receives its essential and inherent powers from the constitution and not from the legislature. This fundamental principle leads, as we are satisfied, to the proposition that, if an appeal within the time limited by law

---

* Also reported 20 N. E. Repr. 263.   Reporter.

should be prevented by the fraud of an appellee, or his counsel, the court might, notwithstanding the statutory limitation, grant an appeal upon a proper application.

" This power, to put the doctrine in a somewhat different form, exists not by virtue of legislation, but by virtue of the inherent right of every superior court to maintain its dignity and independence, and to control its process and maintain its inherent jurisdiction."

In Hutts v. Martin, 131 Ind. 1,* it was said (p. 3) : " We think it clear that an appellate court has the inherent power to relieve against accident and excusable mistake in the proper case . . . . All parties must be brought in within the time limited for appealing, unless accident, fraud or excusable mistake is affirmatively shown."

The power of the courts of Pennsylvania to open judgments upon equitable grounds has been recognized since Kalbach v. Fisher, 1 Rawle, 323, where it was said : " The power of the court of common pleas in relation to open judgments is most ample and policy requires that it should be liberally used, otherwise great and manifest injustice would be the consequence, from the great variety of shapes which fraud may assume in the complicated transactions of men."

It was said by our Brother MITCHELL in Fisher v. Hestonville, etc., Pass. Railway Company, 185 Pa. 602 : " There can be no question that the rule that fraud vitiates everything into which it enters applies to verdicts and judgments and the equitable powers of the courts on that subject may be administered summarily upon rule."

We can see no reason for holding that the judgment in this case should be exempt from the control of the court, through the exercise of its chancery powers.   The law gives to the report of the auditors when filed in the court of common pleas the effect of a judgment of that court.   If it is to have that force and effect, it should certainly in the interest of justice be subject to the same equitable control.

The conditions of the present case are unusual, and it may be that the relief required differs from that granted in any previous case.   But we are not concerned as to that.   In the exercise of its equitable powers, the court will reach far, to

* Also reported 30 N. E. Repr. 698.   Reporter.

prevent the triumph of fraud. As was said by this court in Cochran v. Eldridge, 49 Pa. 365 (370), " when it is alleged on adequate proofs that a judgment in whole or in part has been obtained by a suppression of truth which it was the duty of the party to disclose or by the suggestion of a falsehood or by any of the infinite and therefore undefinable means by which fraud may be practiced, no court will allow itself, its records, and the process of law to be used as instruments of fraud."

It is here definitely charged that the report of the auditors was based upon the fraudulent misrepresentations made by the county treasurer. The general principle that the report of the auditors is final unless an appeal is taken in time, should not be allowed to prevent inquiry into a result attained by fraud.

We are of opinion that under the allegations of the petition in this case, the court below has full power to deal with the question upon its merits, and to grant equitable relief by opening the judgment and allowing an appeal from the report of the auditors to be filed nunc pro tunc; and if upon full investigation it should appear that the report of the auditors had been procured by fraud, it would become the duty of the court to interfere by allowing the appeal asked for. The question, however, being of grave import, ought not to have been summarily disposed of on the petition and demurrer. The demurrer should have been overruled with leave to the county treasurer and his sureties to answer ; and on answer, or in default thereof, the court should have informed itself by depositions as to the real facts in connection with appellants' allegations of fraud, and, if then satisfied that relief ought to be granted, the judgment should be opened and the appeal allowed. The error into which the learned judge fell was in holding that he had no power to allow an appeal after the expiration of the statutory period. He not only possesses that power but should exercise it in a proper case, and the only question before him after full investigation here will be whether such a case has been presented.

The decree sustaining the demurrer is reversed, and the record is remitted to the court below, for further proceedings in accordance with this opinion.