## Dunmore Borough School District *v.* Wahlers, Appellant, (No. 2).

*Appeals—Township and borough auditors—School district treasurer—Act of May* 11, 1901, *P. L.* 185—*Exceptions.*

Where the court of common pleas allows an appeal nunc pro tunc from a report of borough auditors on the accounts of a school district treasurer, and an exception is filed to the allowance of the appeal nunc pro tunc, the appellate court under the Act of May 11, 1901, P. L. 185, may review the question raised by the exception.

*Appeals—Borough auditors—Appeal nunc pro tunc—Act of April* 15, 1834, *P. L.* 537.

The court of common pleas has no power to allow an appeal nunc pro tunc from a settlement of a school district treasurer's accounts by borough auditors four months after the auditors' settlement has become absolute, in the absence of any allegation or proof that the settlement had been procured by fraud.

Argued Jan. 13, 1905. Appeal, No. 42, Jan. T., 1905, by defendant, from order of C. P. Lackawanna Co., Nov. T., 1903, No. 514, allowing an appeal nunc pro tunc from the settlement of the accounts of a school district treasurer in case of Dunmore Borough School District v. August Wahlers. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Appeal from settlement of accounts of school district treasurer.

The facts appear by the opinion of the Superior Court.

*Error assigned* was the order allowing the appeal nunc pro tunc.

*I. H. Burns*, with him *George S. Horn* and *A. G. Rutherford*, for appellant.—There was no authority to allow the ap-

peal nunc pro tunc : Overseers of the Poor of Cherry Twp. v. Marion Township Overseers of the Poor, 96 Pa. 528 ; McIlhaney v. Holland, 111 Pa. 634 ; Moore v. Ellis, 18 Mich. 77 ; Directors of the Poor of Westmoreland County v. Conemaugh Twp. Overseers, 34 Pa. 231.

*T. J. Duggan,* for appellee.—In the exercise of its equitable powers the court of common pleas has the right to enter appeal nunc pro tunc : Plains Twp. Audit, 15 Pa. C. C. Rep. 408 ; Zeigler's Petition, 207 Pa. 131.

OPINION BY MORRISON, J., April 17, 1905 :

This case and No. 43, January Term, 1905, are appeals by August Wahlers from the judgments and orders of the court below in the two cases which are precisely similar. They came into the court below by appeals from the settlement of defendant Wahler's accounts as treasurer of the school district of the borough of Dunmore, for the years 1901 and 1902. This opinion will be filed in No. 42, January Term, 1905, but it is intended to apply also to No. 43 of the same term, and in the latter case we will only file a formal order.

The borough of Dunmore was incorporated by special Act of the legislature of Pennsylvania of April 10, 1862, P. L. 526. Section 2 of this act provides : That the said borough shall form a separate election and school district ; section 3 provides for the election of a treasurer, who shall also be treasurer of the school fund ; section 10 provides that the treasurer shall receive as his compensation one per cent on all moneys received by him, and no more. Section 2 of a supplement to the above Act, passed March 18, 1870, P. L. 496, provides : " The treasurer of said borough shall hereafter receive one per cent on all moneys passing through his hands, and no more, which shall be his compensation in full for services as treasurer of said borough."

August Wahlers, defendant, was elected borough treasurer in February, 1900, and has been re-elected to the same office each year since, including 1903, thereby becoming treasurer of the school fund. In the month of June, 1903, the borough auditors examined the accounts of August Wahlers, treasurer of the school fund, for the fiscal years ending June 2, 1901,

and June 2, 1902, they not having been previously audited, and having completed the audit for those years, filed their reports in the office of the clerk of the court of quarter sessions on June 26, 1903, and they caused publication of a statement of their audit, showing the financial condition of the school district, the money passing through the hands of the treasurer and the commission allowed him, to be published in two local newpapers, and posted handbills. See Act of April 24, 1874, P. L. 112.

By Act of April 15, 1834, P. L. 537, an appeal is allowed from the settlement of the township auditors within thirty days after such settlement. In the above cases no appeals were taken by the school district and taxpayers within the statutory period, but on November 2, 1903, the school district and certain taxpayers attempted to appeal from the auditors' settlement of the defendant's accounts for the years 1901 and 1902, by filing their appeals in the common pleas of Lackawanna county, and on the same day the court granted rules to show cause why the said appeals should not be filed nunc pro tunc, so as to bring them within the statutory period. On March 7, 1904, these rules were made absolute, and to this ruling an exception was allowed on behalf of the defendant. After the taking of a large mass of testimony by a commissioner, and on argument and consideration, the court below surcharged the defendant and entered judgment against him, in the one case in the sum of $700.50 and in the other in the sum of $734.95.

The first exception, which applies to both cases, is : " The court erred in assuming jurisdiction and allowing appeal nunc pro tunc after the expiration of the time prescribed by statute for taking appeal from the report of the borough auditors." This is the only exception we propose to discuss.

We are met at the threshhold of this case by a motion to quash the appeal, on the part of the appellee, for the following reasons : (1) The Act of April 15, 1834, P. L. 537, section 104, under which the appeal was taken in the court below, provides only for an appeal from the auditors' report to the common pleas of the same county. (2) The decision of the common pleas upon the appeal from the settlement of the accounts of August Wahlers, school treasurer of the Dunmore school district, is final, and no appeal lies therefrom. The learned coun-

sel cites a large number of authorities, and makes a lengthy argument in support of this motion. His authorities and argument would be quite satisfactory if it were not for the Act of May 11, 1901, P. L. 185, which reads: " That hereafter in all cases pending and undetermined in any court of common pleas in this commonwealth, which are appeals from settlements or reports made by county, borough or township auditors, it shall be lawful for any party to except to any ruling or decision of the court upon any question or point of law that may arise; and an appeal may be taken therefrom to the Superior or to the Supreme Court," etc. This act of assembly disposes of the motion to quash, and it must be overruled.

It is conceded on all hands that the borough auditors had jurisdiction to audit and settle the accounts of August Wahlers, treasurer, and that their settlement, unless appealed from, is final and conclusive upon all parties. The serious question raised by the first assignment of error is : Had the court power, upon what was before it, to allow the appeals on November 2 from the reports of the auditors, which were completed and filed with the clerk of the court of quarter sessions on June 26, 1903? From the testimony and the opinion of the court, we find that the appeals were allowed nunc pro tunc for the reason that the auditors allowed the treasurer two per cent commission on the money which passed through his hands, instead of one per cent, as fixed by law. But does this furnish any reason for allowing an appeal long after the expiration of the statutory period? No petition was filed in support of the application for these appeals, alleging any fraud, either in procuring the allowance of the illegal commissions, or in preventing the school district or any taxpayer from appealing within the time allowed by law. It is true Wahlers claimed two per cent commission, and this rate or more was allowed him by the auditors. Let it be conceded that this was illegal; that it was a mistake, yet the auditors' report was clear and precise upon its face, and showed at a glance that the commission allowed was much higher than one per cent, and this being illegal, clearly the remedy was by appeal. We have examined the testimony and records in these cases with some care, and no fraud is shown thereby which, in our opinion, warranted the court in granting appeals about four months after the auditors'

settlement had become absolute. The question arises, what is meant by fraud in this connection? Fraud has been defined: (1) An act or course of deception deliberately practiced with the view of giving a wrong or unfair advantage; deceit; trick; an artifice by which the right or interest of another is injured. (2) Specifically, in law, an artifice employed by one person for the purpose of deceiving another to the prejudice of his right. (3) A position artfully contrived to work damage or prejudice; a snare.

Now, apply this to the question in hand. The defendant claimed larger commissions than he was entitled to. The auditors allowed it. But there was no artifice, trick or deception calculated to deceive anybody. It may be presumed that the defendant supposed he was entitled to the commission claimed, and that the auditors took the same view of it. We cannot agree that the court below could allow these appeals on motion, and the testimony taken by the commissioner, simply because it appeared that a legal mistake had been made. These auditors' reports were the final decision of a tribunal having jurisdiction, and whose decisions were, by law, made final and conclusive, unless appealed from within thirty days. It is conceded that fraud will vitiate the most solemn judgment and decrees, but where is the fraud in the present cases?

We have been referred to Zeigler's Petition, 207 Pa. 131, and it has been read with care. That was an appeal from the report of county auditors, which was filed in the common pleas, under the Act of April 15, 1834, P. L. 537, which contains the following provisions: Section 55. The report of the auditors shall be filed among the records of the court of common pleas of the respective county, and from the time of being so filed shall have the effect of a judgment against the real estate of the officer who shall thereby appear to be indebted either to the commonwealth or to the county. This brought the matter before the court as one of its judgments, and the petition to the common pleas for an appeal, after the statutory period, specifically alleged frauds practiced by the treasurer upon the county commissioners and upon the county auditors, which is set forth in detail in the petition. The reports of the auditors as filed did not show the true balances due by the treasurer to the county; that the report for 1900 showed bal-

ances less by $10,745.09, and that for 1901 a balance less by $59,492.11 than the amount actually due, and that the petitioners were ignorant of the frauds practiced by the treasurer until a recent date, after the time allowed by law for appeal from the report of the county auditors had elapsed.

In that case the court below sustained the demurrer and dismissed the petition for an appeal nunc pro tunc. The Supreme Court reversed this decision, and as we understand the case, it is based mainly on the two propositions : (1) The reports of the auditors did not show the true balances, and the frauds practiced by the treasurer were concealed until after the time allowed by law for appeals ; and (2) the auditors' reports were in effect judgments, of the court of common pleas, and being fraudulent judgments the court had the power to open them upon equitable grounds and have them corrected. In that case it is said : " There can be no question that the rule that fraud vitiates everything into which it enters applies to verdicts and judgments, and the equitable powers of the court upon that subject may be administered summarily upon rule."

In Plains Township Audit, 15 Pa. C. C. Rep. 408, decided by President Judge RICE in the common pleas of Luzerne county, the appeal was allowed nunc pro tunc because of the conduct of the auditors and the clerk of the court of quarter sessions in misleading and deceiving the party desiring to appeal. It appears in the petition that the appellant did not see the notices which had been posted, although he and others looked for such handbills and inquired of citizens of the township if they had been seen. The applicant inquired of one of the auditors if they had finished the audit, and he replied that they had not. Inquiry was also made of the clerk of the court of quarter sessions if the statement was in the files, and the inquirer was informed that it was not. Judge RICE says, in his opinion, that the applicant and his attorney received answers which they construed, and were perfectly justified in construing, that no report or statement of the auditors had been filed. In short, that appeal was allowed because the applicant had made every reasonable effort to ascertain if the auditor's report had been filed, and, whether intentionally or not, he and his attorney were misled or deceived by the parties whose duty

it was to have informed them. We think that case clearly distinguishable from those under consideration.

It should be noticed that the act of April 15, 1834, so far as it relates to appeals from the settlements of the township auditors, differs radically from the provision in the same act in regard to appeals from the settlements of county auditors. Section 103 of the act provides : " The report of such township auditors shall be filed with the town clerk, if there be one, and if there be no town clerk, it shall remain with the senior auditor for the inspection of all persons concerned." By the Act of April 24, 1874, P. L. 112, it is made the duty of township and borough auditors to meet annually and audit, etc., school treasurers' accounts, and to give notice by posting handbills, and the auditors shall file a copy of their settlement with the town clerk, in their respective districts, and also with the clerk of the court of quarter sessions, which shall be at all times subject to inspection by any citizen thereof.

By the Act of May 1, 1876, P. L. 91, it was made the duty of school directors, annually, at the close of the school year, to place in the hands of the proper auditors a full certified statement, itemized, of their receipts and expenditures for the past year, etc. By the act of May 21, 1857, P. L. 631, it is made the duty of the borough and township auditors, in addition to the duties now imposed upon them by law, to settle annually the accounts of the school treasurers of the different school districts in this commonwealth ; and either party may take an appeal, as is now provided for in other cases of settlement of accounts by township auditors. And by the Act of June 24, 1885, P. L. 162, it is provided that any taxpayer may appeal from such settlements.

All of which clearly shows that the township and borough auditors' settlements are to be filed with the clerk of the court of quarter sessions, there to remain for inspection. But there is no provision for their becoming judgments, as in the case of appeals from the reports of county auditors. It is therefore clear that the court of common pleas does not have the same control over the reports of township and borough auditors as is conferred by the 55th section of the act of April 15, 1834, as to reports of county auditors.

The testimony before the court clearly showed that several

of the members of the school board knew that the auditors were settling the treasurers' accounts for the years 1901 and 1902, and that publication of these statements was made in the newspapers, and while it is true that the board did not officially have notice of the filing of the auditors' reports, yet it is perfectly apparent that the school board and the people generally, who read the newspapers, knew of the auditors' settlement of these accounts in time to have appealed within the statutory period.

The practice adopted in the present cases cannot be approved. The court below ought to have required a petition setting forth the alleged reasons why appeals nunc pro tunc should be allowed and the treasurer should have had an opportunity to answer such petition, and if this raised issues of fact, testimony could then have been taken and the question of whether or not sufficient had been shown to enable the court to allow the appeals would have been upon the record and could have been disposed of in an orderly manner. Instead of that method the court granted the appeals on motion and a mass of testimony, much of it irrelevant and immaterial, and as we have already said, not showing fraud or such facts as would justify the court in granting appeals from auditors' reports which had been filed and conclusive for more than four months. See Zeigler's Petition, 207 Pa. 131.

" Where a statute fixes the time within which an act must be done, the courts have no power to enlarge it." See Harris v. Mercur, 202 Pa. 313.

We feel compelled to sustain the first assignment of error, and this requires us to hold that the court was without jurisdiction, and that the orders allowing the appeals and the judgments thereon are illegal and void.

The judgment in this case is not in conflict with the decision of this court quashing the appeal in Dunmore Boro. School Dist. v. Wahlers, ante, p. 35, between the same parties, because in that case it was conceded that the appeal from the auditors' settlement was taken in time, and the questions for review were not properly raised by exceptions in the court below. See opinion by RICE, P. J. But in the present case the appeal was not taken within the statutory period, and the order of the court allowing the same nunc pro tunc was ex-

cepted to and, therefore, this· question comes properly before this court on appeal, and it is raised by the first assignment of error. See Act of May 11, 1901, P. L. 185.

Order and judgment reversed, and the appeal from the auditors' report dismissed and stricken from the records, at the costs of the appellees.