## Guyer *v.* Bedford County, Appellant.

*Public officers—County treasurer—Audit of accounts—Filing of auditor's report in common pleas—Act of April 15, 1834, P. L. 537—Commission on state taxes.*

1. A report of county auditors was filed among the records of the court of common pleas within the meaning of the Act of April 15, 1834, P. L. 537, where it appears that on the completion of the report of the auditors it was taken to the court of common pleas and there filed with the prothonotary who noted thereon the character of the paper, the date and fact of filing, and signed his name as prothonotary, and placed the report in a box kept for the filing of auditors' reports, among the miscellaneous papers of the common pleas. It is not necessary that such reports should be taken into open court and filed by direction of the court.

2. Where the reports of county auditors for the years 1903, 1904 and 1905 show settlements with the county treasurer unappealed from, such treasurer cannot in 1909, after his term has expired, claim for commissions of one per cent for state tax by him paid over to the state treasurer for the years 1903, 1904 and 1905, when he was county treasurer.

3. In such a case the treasurer, in the absence of fraud, was not entitled to recover on the moral obligation which existed in his favor requiring the county to pay him his commissions on the state taxes, and an alleged promise of the county commissioners to pay him, made after the auditors' reports had become absolute. Even if there were a moral obligation his remedy would be in assumpsit against the county.

Argued Oct. 24, 1911. Appeal, No. 297, Oct. T., 1911, by defendant, from order of C. P. Bedford Co., Sept. T., 1909, No. 242, overruling motion for judgment n. o. v. in case of John S. Guyer v. Bedford County. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Appeal from report of county auditors. Before WOODS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $293.26. Defendant appealed.

*Error assigned* was in directing verdict for plaintiff, and in overruling defendant's motion for judgment n. o. v.

*T. F. Bailey*, with him *Edward M. Pennell*, for appellant.—The county auditors had exclusive jurisdiction of this claim at the time the plaintiff's accounts as treasurer were settled, audited and adjusted by them: Northampton County v. Herman, 119 Pa. 373; Westmoreland County v. Fisher, 172 Pa. 317; Hutchinson v. Com., 6 Pa. 124.

The filing of the report of the auditors in the prothonotary's office we respectfully maintain is a compliance with the requirements of the act of assembly, and especially is this so with the case at bar where the plaintiff knew of the reports and abided by them in his settlement.    In the case of Stebbins v. Crawford County, 92 Pa. 289, no testimony was submitted to make out a moral obligation sufficient to support an action against the county: Stebbins v. Crawford County, 92 Pa. 289.

*R. C. Haderman*, with him *Charles R. Mock*, for appellee.—The reports were not filed: Goehrig v. Lycoming County, 13 Pa. Superior Ct. 67; Richter v. Penn Twp., 9 Pa. 79; Glatfelter v. Com., 74 Pa. 74.

There was a moral obligation to pay: Stebbins v. Crawford County, 92 Pa. 289.

OPINION BY MORRISON, J., March 1, 1912:

The inception of this case was an appeal by plaintiff, ex-county treasurer, from the report of county auditors. The appeal and bond were filed March 20, 1909.    Subsequently the court directed an issue and ordered that John S. Guyer be plaintiff and the county of Bedford, defendant, and the plaintiff having filed a statement of claim, the defendant pleaded and at a later date plaintiff filed an amended statement of claim and the defendant filed its replication.    Subsequently a jury was called and sworn and by direction of the court returned a verdict for the plaintiff for $293.26.    Defendant's counsel moved

the court in arrest of judgment and for a new trial and for judgment non obstante veredicto. On August 17, 1910, the court made the following decree: "The motion for judgment non obstante veredicto is overruled and refused and the motions and reasons for a new trial are refused and overruled." To this decree we find the following exception: "Motion for new trial and in arrest of judgment overruled, per opinion and decree filed August, 1910. Exception to defendant and bill sealed. J. M. Woods, P. J., seal." In the copy of the appearance docket entries we find: "And now, August 17, 1910, the motion for judgment non obstante veredicto is overruled and refused and the motion and reasons for a new trial are refused and overruled. J. M. Woods, P. J. . . . Exception to defendant and bill sealed."

At the trial the defendant presented the following point: "That under all the evidence in this case there can be no recovery for the plaintiff and the verdict must be for the defendant." The court refused this point and gave a binding instruction in favor of the plaintiff but the counsel who tried the case did not except to the answer to his point nor to the charge of the court. The exception furnished us, first above quoted, does not seem to have reference to the judgment non obstante veredicto, but it appears to be an exception to the decree refusing a new trial and overruling the motion in arrest of judgment. Unless the exception printed in the copy of the docket entries will authorise a review of the judgment non obstante veredicto, then we have nothing before us which will convict the court of reversible error. There is no assignment of error to the refusal of the court to grant a new trial, nor to the refusal to arrest the judgment. This leaves only the assignment of error to the refusal of the court to enter judgment non obstante veredicto. This record is so badly made up that our first impression was that the appeal must be quashed. But on a more careful examination we conclude from the docket entries, that the defendant's counsel did except to the refusal to enter judg-

ment non obstante veredicto and the court allowed said exception and sealed a bill thereto, and therefore, we proceed to consider the case on its merits as raised by the third assignment of error.

The plaintiff was the treasurer of Bedford county for the years 1903, 1904 and 1905. The auditors for said county met in regular sessions in January, 1904, 1905 and 1906, to audit the accounts of the public officials for each year preceding the several audits. At the regular sessions of the county auditors in 1904 the plaintiff, then county treasurer, appeared before the board and presented his accounts for settlement. He submitted his books as treasurer and the board examined and passed on the same together with the vouchers filed with the commissioners, the corresponding drafts upon the treasurer for the preceding year and in short audited his accounts. He was before the auditors daily. It does not appear that he submitted anything to the board that was not by them audited, nor did he make any demands for compensation or fees that were not fully passed upon. On completion of the report of the auditors it was taken to the court of common pleas and there filed with the prothonotary who noted thereon the character of the paper, the date and fact of filing and signed his name as prothonotary and placed the report in a box kept for the filing of auditors' reports, among the miscellaneous papers of the common pleas. There was no minute made on the common pleas docket of the fact of filing. The same procedure occurred at the auditor's settlement in January, 1905, for the year 1904, and in January, 1906, for the preceding year. The learned counsel for the appellee contends that the plaintiff is not bound by the several auditors' reports because they were not taken into open court and filed by direction of the court. It is true that the act of 1834 requires that the auditors' reports shall be filed among the records of the court of common pleas. In the present case they were filed by the prothonotary in his office where the records of the court of common pleas are kept and we are disposed

to assume that these reports were regularly and properly filed. In addition, the plaintiff appeared before the auditors and submitted his accounts for each of the three years, and he was bound to know that said auditors' reports would be filed in the prothonotary's office and if he desired to appeal that he must do so within the statutory period after the date of filing. We do not agree with the counsel's contention that the reports were not properly filed in the court of common pleas of Bedford county.

No exceptions to either of these reports were filed and after they became absolute, the plaintiff, treasurer, settled with the county commissioners and paid over to his successor the amounts owing by him as fixed by these several reports. The plaintiff never appealed nor attempted to appeal from these reports or any of them. When the county auditors met for the discharge of their duties in January, 1909, the plaintiff as ex-treasurer of Bedford county, appeared before the board and presented an itemized statement of his claim for commissions of one per cent for state tax by him paid over to the state treasurer for the years 1903, 1904 and 1905 when he was county treasurer. These claims aggregated $293.26. His claim was considered and the auditors reported that, at stated intervals, the plaintiff had presented to the county commissioners accounts of the fees which he claimed as treasurer. These accounts were approved in due course and the amounts were paid in full; that at the end of each year of his term as treasurer he appeared before the county auditors, and their reports for the years 1903, 1904 and 1905, show settlements with him, unappealed from, and that the settlements with the county commissioners and the adjudication of his accounts as treasurer by the county auditors are a bar to his right to recover and the auditors reported against his claim. This report was filed with the prothonotary February 5, 1909, and from the report the plaintiff appealed March 20, 1909, and the court framed an issue and disposed of the case as hereinbefore stated.

The narrow question for decision is, Could the plaintiff

appear annually before the county auditors and submit his accounts and when they were audited take no appeals and then come before another board of auditors several years after the expiration of his term of office and recover commissions or fees on state taxes which he had collected and paid over to the state treasurer, because, as he alleged, he had never received the same?

In our opinion, when plaintiff appeared annually before the county auditors and his accounts were settled by them, and he did not appeal, he was concluded by those settlements no matter whether he had actually presented all of his valid claims against the county or not. The auditors had jurisdiction over the plaintiff and his accounts and if by mistake or negligence he did not present all of the claims he had against the county, yet he was bound by the auditors' settlements, and the board of auditors which convened in January, 1909, were wholly without jurisdiction to review the plaintiff's accounts for the years 1903, 1904 and 1905, unless he was prevented from having his accounts properly audited and settled by fraud and we fail to find in this record any evidence of fraud which worked to the injury of the plaintiff.

Settlements of accounts of public officers by the auditor general are quite analogous to settlements by the county auditors with public officials under the Act of April 15, 1834, P. L. 537, sec. 55. In Hutchinson v. Com., 6 Pa. 124, it was held as stated in the syllabus: "Under the act of 1811, a settlement of accounts with a public officer by the auditor general is conclusive even though, on the face of the account, it is apparent that an allowance authorized by the act of assembly was not made." In Northampton County v. Herman, 119 Pa. 373, it was held that the auditors' settlement unappealed from was conclusive and the claimant was not entitled to recover. In that case Herman brought an action of assumpsit against the county claiming to recover for services for which he had not been fully paid. In Westmoreland County v. Fisher, 172 Pa. 317, it was held: "Under the

Act of April 15, 1834, P. L. 537, relating to the settlement of accounts by county auditors, the special tribunal created by the act is exclusive of all others, and its decision if not appealed from, is final and conclusive, and cannot be opened for the correction of errors, or again inquired into by the auditors or by the court."

We consider it unnecessary to cite additional authorities on the question that the plaintiff was concluded by the auditors' settlements even as to claims which he should have presented but did not, and which were not, therefore, allowed to him, in a case like the present one, where no trick, artifice or fraud was used by anyone to take advantage of the plaintiff.

It is, however, alleged that the plaintiff was entitled to recover because of the moral obligation which existed in his favor requiring the county to pay him his commission on the state taxes and the alleged promise of the county commissioners to pay him, made after the auditors' reports had become absolute. In support of this position counsel for the plaintiff relies on Stebbins v. Crawford County, 92 Pa. 289; Webster v. Hopewell Borough, 19 Pa. Superior Ct. 549, and several other cases along the same lines. We recognize the force of these decisions but in our opinion there are two serious reasons why the judgment cannot be sustained on that ground. First, this action had its inception in the report of the county auditors, who met and acted in January, 1909, and if they were without jurisdiction, as they clearly were, no recovery can be had in the present case based on a moral obligation and a promise to pay. If the plaintiff sought to recover on that theory, he should have sued in assumpsit. Second, we do not regard the evidence as sufficient to warrant a verdict and judgment in favor of the plaintiff on the ground of a moral obligation and a promise to pay.

The learned court below, to justify his direction to the jury to find for the plaintiff, said: "We think the case is ruled by the case of Zeigler's Petition, 207 Pa. 131, and reaffirmed by York County v. Thompson, 212 Pa. 561."

But those cases were ruled on the ground of fraud and in our judgment they do not touch the question involved in the present case. Zeigler's Petition is based specifically upon the fact that the report was obtained by fraud practiced by the county treasurer and that such fraud was not discovered until after the time for the appeal had passed. York County v. Thompson is precisely the same kind of a case and the Supreme Court was content with citing Zeigler's Petition, 207 Pa. 131, as settling the law in regard to the case.

Even if the plaintiff had been prevented from presenting his claim for commissions on state taxes by artifice or. fraud, he ought to have presented a petition to the court showing the fraud and asking to be allowed to appeal as of the proper date nunc pro tunc.

We are of the opinion that the learned court erred in refusing to enter judgment non obstante veredicto, and, therefore, the third assignment of error is sustained and the judgment is reversed, and judgment is here granted in favor of the defendant non obstante veredicto.