# Singer *v.* Delaware, Lackawanna & Western Railroad Company, Appellant.

*Practice, C. P.—Eminent domain—Award of viewers—Appeals— Time for taking appeals—Courts—Powers of.*

1. The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors.

. 2. When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice.

3. The court has no power to extend the time for taking an appeal from an award of viewers in eminent domain proceedings as a matter of indulgence; something more than mere hardship is necessary to justify an extension of time, or its equivalent in the allowance of the act nunc pro tunc.

4. A motion to strike off the appeal should have been granted where an appeal from an award of viewers was allowed more than thirty days after the filing of the viewers' report, upon petition merely alleging that the attorney for the plaintiff had not had an opportunity to read the report of the viewers because it had been misplaced in the files in the prothonotary's office, whereas it appeared the report could have been found by a vigorous search.  •

Argued Feb. 22, 1916. Appeal, No. 342, Jan. T., 1915, by defendant, from judgment of C. P. Lackawanna Co., Oct. T., 1912, No. 1264, on verdict for plaintiff, in case of Susan E. Singer v. The Delaware, Lackawanna and Western Railroad Company. Before MESTREZAT, POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Reversed.

Appeal from award of a board of viewers in condemnation proceedings. Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $3,000 and judgment thereon. Defendant appealed.

*Error assigned,* among others, was in discharging defendant's rule to show cause why an appeal should not be stricken off.

*H. A. Knapp,* of *Warren, Knapp, O'Malley & Hill* and *J. H. Oliver,* with them *D. R. Reese,* for appellant.

*R. W. Archbald,* with him *Rush Trescott* and *Paul J. Sherwood,* for appellee.

OPINION BY MR. JUSTICE POTTER, July 1, 1916:

In the exercise of its power of eminent domain, the Delaware, Lackawanna and Western Railroad Company appropriated, for railroad purposes, land of Susan E. Singer. In due course it presented to the court below a petition for the appointment of viewers, to assess the damages. The viewers were appointed and, on September 17, 1913, they filed their report in the office of the prothonotary, awarding to Mrs. Singer the sum of $1,000, as damages. The filing of the report is shown by the endorsement of the prothonotary thereon, "Report filed 9/17/13," and also by the entry on the docket, "Sept. 17, 1913, filed viewers' report, and confirmation nisi. By the court." The statement also appears in the opinion of the court below, that the viewers had their report confirmed nisi by the court, and "delivered it to the prothonotary Sept. 17, 1913, whereupon it was marked 'filed' and a minute of that fact noted on the continuance docket." On October 16, 1913, twenty-nine days after the report had been filed, appellee's counsel presented to the court his own petition, setting forth that the record showed that a report was filed and confirmed nisi on September 17, 1913, that the petitioner had called at the prothonotary's office a number of times to see the report for the purpose of taking an appeal from the award, that the report was not then to be found among the records of the office, and that the petitioner had not seen the report, and was not informed of its contents, and praying that the time for the confirmation absolute of the report, and for taking and filing an appeal therefrom, might be continued and extended to and including November 17, 1913. The same day the court made an order

extending the time for the confirmation absolute of the report, and for taking and filing an appeal, until November 17, 1913. The appeal was filed November 8, 1913. A rule to strike it off as having been taken too late, was discharged, and an issue was framed, with Susan E. Singer as plaintiff and the railroad company as defendant, which was tried, and resulted in a verdict for plaintiff, in the sum of $3,000. Rules for a new trial and for arrest of judgment were discharged, and judgment directed to be entered on the verdict. Defendant has appealed, and, in the first assignment of error, counsel raise the question of the power of the court below, under the circumstances, to extend the time for taking an appeal from the award of the viewers. The Act of April 9, 1856, P. L. 288, Sec. 3, provides that, "upon the report of said viewers, or any four of them, being filed in said court, either party, within thirty days thereafter, may file his, her, or their appeal from said report to the said court." In the present case the thirty days expired on October 17, 1913, while the appeal was not taken until November 8th. In Harris v. Mercur, 202 Pa. 313, this court, speaking by Mr. Justice MESTREZAT, said (p. 317) : "If we are correct in holding that the Act of April 22, 1874, P. L. 109, required the appellant to file his exceptions within thirty days after he had received notice of the filing of the court's decision, the order of the court below in permitting exceptions to be filed thereafter was without authority and hence without effect or validity. The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors: Jackson, ex dem., Bleecker v. Wiseburn, 5 Wend. (N. Y.) 136. 'It has been repeatedly held,' says Mr. Sedgwick (Construction of Statutory and Constitutional Law, 277, 2d Ed.), 'that courts have no dispensing power, even in matters of practice, when the legislature has spoken. Thus, where a statute declares that a judge at chambers may direct a new trial if application is made within ten days

after judgment, it has been said that 'he can no more
enlarge the time than he can legislate in any other mat-
ter.' When a statute fixes the time within which an act
must be done, the courts have no power to enlarge it,
although it relates to a mere question of practice.'"
Under the Act of 1856, the period of thirty days allowed
for taking an appeal from an award of viewers runs from
the date of the filing of the report, not from its confirma-
tion: Gwinner v. Lehigh & Del. Water Gap R. R. Co.,
55 Pa. 126. Where a party has been prevented from ap-
pealing by fraud, or by the wrongful or negligent act of
a court official, it has been held that the court has power
to extend the time for taking an appeal: Zeigler's Peti-
tion, 207 Pa. 131; York County v. Thompson, 212 Pa.
561. But where no fraud or anything equivalent thereto
is shown such appeals cannot be allowed: Dunmore Bor-
ough School District v. Wahlers, 28 Pa. Superior Ct. 35;
Guyer v. Bedford County, 49 Pa. Superior Ct. 60. The
mistake or neglect of the attorney for the party desiring
to appeal is not sufficient ground for relief: Ward v.
Letzkus, 152 Pa. 318, 319. In that case Mr. Chief Jus-
tice PAXSON said, the counsel was the mere agent for the
client, and the neglect of the one was the neglect of the
other. In Schrenkeisen, et al., v. Kishbaugh, 162 Pa.
45, Mr. Justice MITCHELL said, that courts have no
power to extend the time for an appeal as a matter of
indulgence, and that something more than mere hard-
ship is necessary to justify an extension of time, or its
equivalent, an allowance of the act nunc pro tunc. In
the present case, the record shows that the report of the
viewers was regularly filed, in the usual way, on Sep-
tember 17th, and an entry to that effect was made on the
docket. The report was afterwards misplaced in the
files, but there is nothing to show that it was taken from
the office, and the testimony indicates that a thorough
search would have brought it to light at any time. The
testimony of Mr. Oliver shows that it was in the files on
October 10th, and that he read it upon that date and

handed it back to Mr. Wenzel one of the clerks. The testimony of the latter shows that he found the report among the files, not among the papers bearing the correct number of the case, but about four numbers away, in the same box, that is, at No. 1260 instead of No. 1264. The testimony shows a singular lack of vigor in the search for the misplaced paper. Had it been actually lost, counsel could readily have obtained a duplicate of the report from the viewers, which by permission of the court could have been filed as a substitute for the original. But this was not necessary, as the evidence shows that the report was merely misplaced, and a vigorous search would have shown its whereabouts, for it was found at a date amply within the time allowed by the statute for an appeal. Ordinary vigilance would then have preserved the report from again being misplaced, or would have found it in the files when it was needed. The testimony shows that the report was again found in the files upon the same day the court made the order extending the time for taking an appeal, or upon the next day thereafter, thus indicating that thorough search would have located it before that time.

We are clear that the court below was without authority to make the order enlarging or extending the time for taking the appeal from the award of viewers, beyond the period fixed by the statute. The court below, therefore, erred in discharging the rule to show cause why the appeal should not be stricken off.

The first assignment of error is sustained, and the judgment is reversed.