## Bartron v. Northampton County

*Francis H. S. Ede* and *Joseph Capazzola*, for petitioner.
*Daniel L. McCarthy*, for defendant.

LAUB, J., June 19, 1939.—This matter comes before us on a rule on the County of Northampton to show cause why the prothonotary should not be directed to confirm the viewers' report as of January 3, 1939, and why the appeal of the County of Northampton taken from the viewers' report should not be stricken from the record.

The facts are that on November 7, 1938, the petition of Arthur Bartron was presented to said court, praying for the appointment of viewers to assess damages against the County of Northampton for the taking of certain of his land and the damages incident thereto, which land is located upon the public highway leading from Portland to Delaware Water Gap.

The record shows that the Pennsylvania Utility Commission, by its order dated October 26, 1938, submitted the question of damages to the court of said county for adjudication.

In accordance with the prayer of said petitioner, three viewers were appointed on November 7, 1938. On December 12, 1938, the viewers as appointed obtained an extension of time to file their report, the extended time being to the second Monday of January 1939. On January 3, 1939, the report of the viewers was filed in the prothonotary's office of said court. On January 9, 1939, the report of the viewers was confirmed nisi by the writer of this opinion. The viewers' report contains the following:

"At least. five days notice of the intention of the viewers to file this report on the 9th day of January, 1939, was given to Francis H. S. Ede, Esq., and Joseph Capazzola, Esq., attorneys for Arthur Bartron, and to Daniel L. McCarthy, Esq., attorney for the County of Northampton."

An examination of the viewers' report shows that the viewers allowed damages in favor of Arthur Bartron in the sum of $3,500, and directed the damages to be paid by the County of Northampton.

On February 8, 1939, the County of Northampton entered its appeal in the prothonotary's office from the aforesaid assessment of damages by the viewers. Thereupon, Arthur Bartron presented the petition for the rule now before us. To this petition the County of Northampton filed an answer setting forth that the County Solici-

tor of the County of Northampton received a letter from a member of the board of viewers as follows:

"December 30, 1938. Daniel L. McCarthy, Esq., Bethlehem, Pa., Dear Sir: In re: Arthur Bartron. I desire to notify you that the viewers appointed in the above-entitled matter will file their report on Monday, January 9, 1939. Yours truly, E. C. Nagle."

The County of Northampton now argues that it was misled by the letter of said viewers and the premature filing of their report on January 3, 1939, and suggests in its answer that it be permitted to file its appeal nunc pro tunc. There are no allegations of fraud in this matter and there is no fraud as far as the record reveals. Therefore, it seems to us that our decision must be based on whether or not the viewers are court officials and whether or not their conduct, if such court officials, was such as to make the discharge of the present rule necessary and the allowance of the appeal nunc pro tunc.

The County of Northampton is a fourth class county and in accordance with The General County Law of May 2, 1929, P. L. 1278, 16 PS §1 et seq., appointed a board of viewers consisting of six members.

Section 533 of said act (referring to viewers' reports) says: "When said report is first filed in court, the prothonotary thereof shall mark the same 'confirmed nisi' and, in case no exceptions are filed thereto within said thirty days, he shall enter a decree (as of course) that said report is confirmed absolutely."

The record does not show that the prothonotary marked the viewers' report when filed on January 3, 1939, "confirmed nisi", but shows on January 9, 1939, it was "confirmed nisi" by one of the judges of said court. It will be noticed that if the time for appeal begins to run from January 3, 1939, then the appeal of the County of Northampton filed in said court on February 8, 1939, was too late, but that if the viewers' report is to be regarded as confirmed nisi on January 9, 1939, then the appeal of said county was entered on the last day of the 30 days

allowed by the statute. By reference to the appeal it will be seen that the affidavit of the President of the Board of County Commissioners of Northampton County is dated January 27, 1939. Had the appeal apparently been signed and sworn to on the last-mentioned date and been promptly filed there would have been no question about the regularity of the county's appeal.

It has been held that where a party has been prevented from appealing by fraud, or by the wrongful or negligent act of a court official, the court has power to extend the time for taking an appeal: Zeigler's Petition, 207 Pa. 131; York County v. Thompson, 212 Pa. 561.

But where no fraud or anything equivalent thereto is shown such appeals cannot be allowed: Dunmore Borough School Dist. v. Wahlers (No. 1), 28 Pa. Superior Ct. 35; Guyer v. Bedford County, 49 Pa. Superior Ct. 60.

A case almost parallel to the instant case is that of Singer v. Delaware, Lackawanna & Western R. R. Co., 254 Pa. 502, the syllabus of which is as follows:

"1. The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors.

"2. When a statute fixes the time within which an act must be done, the courts have no power to enlarge it, although it relates to a mere question of practice.

"3. The court has no power to extend the time for taking an appeal from an award of viewers in eminent domain proceedings as a matter of indulgence; something more than mere hardship is necessary to justify an extension of time, or its equivalent in the allowance of the act nunc pro tunc.

"4. A motion to strike off the appeal should have been granted where an appeal from an award of viewers was allowed more than thirty days after the filing of the viewers' report, upon petition merely alleging that the attorney for the plaintiff had not had an opportunity to read the report of the viewers because it had been misplaced in the files in the prothonotary's office, whereas it

appeared the report could have been found by a vigorous search."

This last-mentioned case has been cited with approval: In re East Lake Road & Payne Ave., 309 Pa. 327, 329; Andrews Land Co. et al. v. Erie, 328 Pa. 173, 175; Nixon v. Nixon, 329 Pa. 256, 260; Guy v. Stoecklein Baking Co. et al., 133 Pa. Superior Ct. 38, 46.

However, the case of Singer v. Delaware, Lackawanna & Western R. R. Co., supra, can easily be distinguished from the instant case because there there was nothing done to mislead counsel for appellant, whereas in the instant case the County Solicitor for the County of Northampton was misled by the notice of the legal member of the board of viewers, which notice is already herein set forth. This notice by the board of viewers is given under the provisions of Rule 257 of our rules of court, which said rule is as follows:

"In all cases where the court shall appoint viewers for the laying out of roads, or for the condemnation of property under the exercise of the right of eminent domain, before filing the report of the viewers, the viewers shall be required to give the parties or their counsel five days' notice of their intention to file such report, and shall set forth in their report the fact that such notice was given."

There is nothing in The General County Law, supra, prohibiting the establishment of such a court rule, and, therefore, in the absence of a statutory provision relative to notice of viewers' reports we hold that the court rule is a valid one. Viewers are not court officials in the meaning of the aforesaid cases; they are appointed under the provisions of The General County Law. Court criers and court tipstaves are undoubtedly court officials, but none of them figure in the instant case and have nothing to do with it.

A court crier is not a public officer but a mere employe or attache of the court, appointed by the court, and subject to removal by the court at will: Werkman et al.,

Execs., v. Westmoreland County, 128 Pa. Superior Ct. 297.

Therefore, what interpretation should be put upon the words in the Supreme Court decisions "or anything equivalent thereto"? We think the facts in the instant case are such as to justify the appeal of the County of Northampton to be allowed in view of the misleading notice given as to the filing of the viewers' report, and hold that such misleading notice comes within the provisions of the appellate court decisions "or anything equivalent thereto." Certainly it cannot be held that an undue burden should be placed upon counsel in cases of this kind to telephone or visit the clerk's office every day to see whether or not a viewers' report is filed, and in our opinion counsel should be allowed to consider the viewers' notice of the filing of the report and the date therein mentioned as the date on which such report would be filed. In writing this opinion we do not consider that the viewers committed any fraud upon the County of Northampton, but through some inadvertence the date of filing was not in accordance with the date mentioned in the notice.

The county solicitor cited two cases, to wit, Petition of Lehigh Paper Mills, Inc., 19 Northamp. 177, and Villinger v. Township of Forks, 21 Northamp. 217.

The first-mentioned case of Lehigh Paper Mills, Inc., is apparently overruled by the decision of former Judge R. C. Stewart in the case of Villinger v. Township of Forks, supra, and which upon appeal to the Superior Court was affirmed by said court: Villinger v. Township of Forks, 93 Pa. Superior Ct. 379.

Mistake or neglect of the attorney for the party desiring to appeal is not sufficient ground for relief: Ward v. Letzkus, 152 Pa. 318, 319. In that case Mr. Chief Justice Paxson said the counsel was the mere agent for the client, and the neglect of the one was the neglect of the other.

And now, June 19, 1939, the rule prayed for is made absolute in part and the prothonotary is directed to con-

firm nisi said viewers' report as of January 3, 1939, and the confirmation nisi of this court dated January 9, 1939, is stricken from the record. The rule, however, is discharged with reference to the striking from the record of the appeal of the County of Northampton as allowed on February 8, 1939, and said appeal is allowed to stand. Counsel are directed to frame an issue and present it to the court for signature. Costs of this rule to await final determination of the case.