**UNITED STATES v. .44 OF AN ACRE OF LAND IN LEBANON COUNTY, PA., et al.**

**No. 9062.**

Circuit Court of Appeals, Third Circuit.

Argued May 9, 1946.

Decided July 17, 1946.

Wilma C. Martin, of Washington, D. C. (J. Edward Williams, Acting Head, Lands Division, Department of Justice, of Washington, D. C., Frederick V. Follmer, U. S. Atty., of Scranton, Pa., M. F. McDonald, Jr., Sp. Asst. to U. S. Atty., of Wilkes-Barre, Pa., and Roger P. Marquis, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

Clarke McA. Seltzer, of Lebanon, Pa., for appellee School District.

Before BIGGS, EDGERTON, and McLAUGHLIN, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This appeal involves condemnation proceedings brought by the United States to acquire certain land owned by the School District of the City of Lebanon, Pennsylvania. Three viewers were appointed in accordance with the state practice. On August 7, 1944 they filed their report fixing the value of the land at $10,200. The Court confirmed the report nisi the same day and directed the clerk to serve notices by mail upon the School District, its attorneys and others as provided by Rules 77(d) and 5(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The notices which were mailed August 7, 1944 read:

"You are hereby given notice that the Report of the Viewers in the above captioned case was duly filed on August 1944 and has been confirmed nisi. Unless exceptions are filed or an appeal is taken within thirty days from the filing of the said Report, the same will be confirmed absolutely.

"The original Report is on file in the Office of the Clerk of the United States District Court at Scranton, Pennsylvania, and a copy thereof is available for examination at the office of the United States Attorney, Room 320, Post Office Building, Harrisburg, Pa.

"The total amount awarded by the Viewers is as follows: $10,200.00.

"No claims have been allowed, except as noted below, and distribution has been awarded as follows:

"The School District of the City of Lebanon $10,200.00.

"William H. Mitchell,
"Clerk U. S. District Court,
"Scranton, Pennsylvania."

The notices conformed to Pennsylvania law.[1] On September 30, 1944, no exceptions having been filed and no appeal for a jury trial having been taken, the report was confirmed absolutely, and the School District was awarded the sum allowed by the viewers. By December 11, 1944 the United States had the entire amount of the award with interest on deposit in Court. On December 14, 1944 the School District filed a petition for allowance of an appeal from the report nunc pro tunc. This alleged "That a copy of the above notice undated came into the hands of the School District and its solicitor at some undetermined date, because the notice of the filing of the Report of the Viewers failed to show a date although it did show an amount; and also failed to show the date that the Report of Viewers was filed, * * *." It further sets out that there had been two discussions concerning an appeal by either party or both, the first on July 12, 1944 and the other at a later date. The petition then states:

"That immediately thereafter in an attempt to clarify the matter, your Petitioner communicated with the Clerk of Court by telephone to ascertain what the exact situation then was, and with other attorneys for the United States and was at that time advised that the final confirmation of the Viewers' Report had not yet been signed by the Court;

"That your Petitioner thereupon, in accordance with the then understanding, believing that the final confirmation had not been signed by the Court, filed an appeal in duplicate, to wit, on October 26, 1944, but by letter of M. F. McDonald, Jr., Esq., Special Assistant United States Attorney, was advised that the Decree confirming the Viewers' Report absolutely was filed on September 30, and suggesting that the proper procedure is now to filing a Petition requesting leave to file an Appeal nunc pro tunc."

The petition was allowed by a decree dated December 14, 1944. The only ground stated by the Court was that the notice did not show the date when it was filed. The appeal asking for a jury trial was then filed by the School District. An exception in favor of the United States to the decree was noted March 30, 1945. The case was tried and resulted in a verdict in favor of the School District in the sum of $17,132.50.

---

[1] Act of June 13, 1874, P.L. 283, Section 1, 26 P.S. § 61. Act of June 23, 1931, P.L. 932, Article 28, Section 2842, as amended April 19, 1939, P.L. 28, Section 1, 53 P.S. § 12198—2842.

The only question presented is whether the Trial Court erred in allowing the appeal from the viewers report after the thirty day period prescribed by the state statute.

The problem is admittedly one of Pennsylvania law. Condemnation proceedings in the United States are to conform "As near as may be, to the practice, pleadings, forms and proceedings existing at the time in like causes in the courts of record of the State * * *." [2] Both sides seem to agree that the governing appeal statute is the 1874 Act, supra. This is quoted in the Government brief and not disputed by appellant. It reads:

"In all cases of damages assessed against any municipal or other corporation, or individual or individuals, invested with the privilege of taking private property for public use, for property taken, injured or destroyed by the construction or enlargement of their works, highways or improvements, whether such assessment shall have been made by viewers, or otherwise than upon a trial in court, and an appeal is not provided for or regulated by existing laws, an appeal may be taken by either party to the court of common pleas of the proper county, within thirty days from the ascertainment of the damages, or the filing a report thereof in court, pursuant to any general or special act, and not afterwards."

■ We think, however, that since Lebanon, one of the parties in interest, is a third class city, the 1931 law as amended supra is applicable. [3] As seen the thirty day provision is the same in the later law, but the phrase "not afterwards" is eliminated. The most recent pertinent case is based upon the more liberal 1931 Act. Andrews Land Co. v. Erie, 1937, 328 Pa. 173, 194 A. 915, 916. There one party in interest took an appeal from the viewers report within time. The City of Erie appealed after the thirty days by leave of Court nunc pro tunc. A jury trial was then had. On motion for a new trial the Court struck off the city's appeal. This was upheld by the Pennsylvania Supreme Court "because it is well settled that the court may not extend the period fixed by statute for appeal." In so doing the Court followed Singer v. R. Co., 254 Pa. 502, 98 A. 1059, 1060, which also concerned an appeal from a confirmance nisi of a viewers report. The Court said generally that "The commands of a statute cannot be waived or dispensed with by a court. They require implicit obedience as well from the court as from its suitors." Then going on to state the exceptions it said at page 505 of 254 Pa., 98 A. 1060:

"Where a party has been prevented from appealing by fraud, or by the wrongful or negligent act of a court official, it has been held that the court has power to extend the time for taking an appeal. Zeigler's Petition, 207 Pa. 131, 56 A. 419; York County v. Thompson, 212 Pa. 561, 61 A. 1024. But where no fraud or anything equivalent thereto is shown such appeals cannot be allowed. Dunmore Borough School District v. Wahlers, 28 Pa.Super. 35; Guyer v. Bedford County, 49 Pa.Super. 60. The mistake or neglect of the attorney for the party desiring to appeal is not sufficient ground for relief. Ward v. Letzkus, 152 Pa. 318, 319, 25 A. 778.

\*     \*     \*     \*     \*

"Something more than mere hardship is necessary * * *."

In Zeigler's Petition, 207 Pa. 131, 56 A. 419 a county commissioner was given leave to appeal nunc pro tunc from a report of county auditors where upon hearing it was found that the report was obtained by fraud practiced by the county treasurer, with the fraud undiscovered until the appeal time

---

[2] Act of August 1, 1888, c. 728, Section 2, 25 Stat. 357, March 3, 1911, c. 231, Section 291, 36 Stat. 1167, 40 U.S.C.A. § 258.

[3] The pertinent part of the 1931 statute reads:

"Within thirty days after any report of viewers is filed in court, any party whose property is taken, injured or destroyed, or who is assessed benefits, or the city may appeal to the court of common pleas and demand a trial by jury. * * * The appeal shall state the grounds upon which it is taken, and shall be signed by the appellant, or by his agent or attorney, and shall be accompanied by an affidavit that it is not taken for the purpose of delay but because the appellant believes that injustice has been done." Act of June 23, 1931, P.L. 932, Article 28, Section 2842, as amended April 19, 1939, P.L. 28, 53 P. S. § 12198—2842.

had expired. York County v. Thompson, 212 Pa. 561, 61 A. 1024 presented much the same situation. Both these decisions are cited in Bartron v. Northampton County, 1939, 36 Pa. D. & C. 414, 27 North. 95, which is heavily relied upon by the appellee. A nunc pro tunc appeal was held proper in that case because the persons responsible for filing a report nisi had informed appellant that it would be filed several days after it had been actually filed. Such conduct was classed as fraud or "equivalent thereto." This is the extreme extension of the doctrine, and even assuming that it would be sanctioned by the state's highest court it does not go far enough to include the present facts.

■ Concededly the date of the month was omitted from the report and the decree was signed September 30th. The latest day the report could possibly have been filed would have been August 31, in which event the decree should not have been executed until October 1. No harm, however, came to the appellee because of this, for no claim is asserted that the appeal would have been taken within such time if the District Court had withheld execution of the decree until October 1. It was not until December 14, after the Government had put up the full award in Court, that the appellee did anything at all. There is an assertion in the petition that there had been some early talk as to an appeal by one side or the other, but there is no showing that the School Board was in the slightest degree misled as to its statutory right. The notices were mailed August 7, the day the report was confirmed. The petition admits possession of a copy of the notice by the School District and its solicitors. When and how possession was obtained is not detailed though significantly there is nothing to indicate non receipt either in due course or until after October 1, 1944. Quite evidently the mistake of not specifying the August day on which the report was approved did not affect the appellee's course as to appeal. It is affirmatively mentioned in the School District brief that the good faith of counsel for the Government is not impugned. Our own examination of the record completely supports this.

■ A second point is urged by the appellee that the Government has estopped itself from contesting the nunc pro tunc appeal because it went ahead with the jury trial after noticing its objection to the decree allowing that appeal. This needs no discussion except to say that we fail to see anything further that the attorneys for the United States could have been reasonably expected to do under the circumstances.

The judgment of the District Court is reversed and the case remanded to that Court for further proceedings not inconsistent with this opinion.

